ALBERT L. PERRY AND CELIA PERRY v. SARAH
C. WHEELER.

**No. 12,514.**   (66 Pac. 1007.)

1. PRACTICE, SUPREME COURT—*Assignment of Errors.* Where
the overruling of the motion for a new trial is not assigned as
error, all errors of law occurring at the trial are waived.

2. FORECLOSURE OF MORTGAGE—*Party Plaintiff.* A holder of a
note secured by a mortgage is not precluded from recovering
thereon by the fact that title was derived as an heir of a de-
cedent by delivery from the executrix of the estate, and not by
indorsement or assignment.

Error from Rice district court; ANSEL R. CLARK,
judge.  Opinion filed December 7, 1901.  Division two.
Affirmed.

*A. Perry, A. L. Perry, J. W. Brinckerhoff,* and *H. F.
Mason,* for plaintiffs in error.

*Sam. Jones,* for defendant in error.

*Per Curiam :* This was an action upon a promissory
note and to foreclose a mortgage securing the same.
Judgment was entered against the plaintiffs in error.
In order to bring the errors complained of into the
record, it was necessary for them to file a motion for
a new trial, which they did, but the overruling of the
same is not assigned in their petition in error as one
of the errors complained of.  By this omission all of
the errors occurring at the trial are waived.  (*Binns
v. Adams,* 54 Kan. 615; 38 Pac. 792.)  We may not
consider, therefore, any errors except such as would
have come to us by a transcript of the papers in the
case.

It is urged that the petition fails to state any cause
of action, and that, therefore, the judgment rendered

thereon was erroneous.   The petition shows that the note and mortgage sued on were given by the plaintiffs in error to the Showalter Mortgage Company, and were by it transferred and assigned to J. W. Wheeler; that upon the death of Wheeler administration was had upon his estate in the state of Massachusetts; that the executrix of the estate delivered the note and mortgage to the defendant in error as one of the heirs of the estate, and that she holds by virtue of such delivery and inheritance and not by indorsement or assignment.   Plaintiffs in error contend that under no possible contingencies may she, or any one holding a chose in action by title derived from an executor, bring an action and recover thereunder.   We think this contention is without merit.   It may well be concluded from the language of the petition that the Wheeler estate had been fully settled, and that upon the distribution of the assets of the estate this note and mortgage became the property of the defendant in error.   If it were so, she would certainly have a right to maintain the action.   Indeed, she would probably have a right to maintain the same even though the estate were not fully settled, if, in the due course of administration, either by order of the probate court or by will, she had become the owner of the note and mortgage.   The petition is not very definite as to the capacity in which she does hold this paper, but we cannot say, when it is assailed in the manner in which it is in this action, that it wholly fails to state a cause of action in behalf of the plaintiff.

The judgment will be affirmed.

CUNNINGHAM, GREENE, POLLOCK, JJ.