No. 21,969.

WESTYE MONSON, Revived in the name of ELIZABETH AP-PLEROS, as Administratrix, etc., *Appellee,* v. A. C. BATTELLE, *Appellant.*

### SYLLABUS BY THE COURT.

1. PETITION FOR NEW TRIAL—*Death of Opposing Party—No Representative Appointed—Petition a Nullity.* The statutory provision authorizing the filing of a petition for a new trial within one year after the rendition of judgment, where the grounds could not be discovered within three days after a verdict, report, or decision in the case was rendered, implies the existence of some one that has a right to sue and some one who may be legally sued; and where the plaintiff who recovered a judgment died before a petition for a new trial was filed by the defendant under section 308 of the civil code, and before a representative of the estate of the deceased was appointed, the petition was a nullity.

2. SAME—*Service upon Administrator—Too Late.* Vitality is not given to such a petition, nor should it be entertained, upon the issuance of process thereunder and the service thereof upon the administrator of the estate of the deceased more than one year after the rendition of the judgment.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed July 6, 1918. Affirmed.

*F. M. Harris,* of Ottawa, *Adrian F. Sherman,* and *Thad B. Landon,* both of Kansas City, Mo., for the appellant.

*Wilbur S. Jenks,* of Ottawa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Defendant appeals from an order of the trial court sustaining an objection by the plaintiff to the hearing of a petition filed by defendant for a new trial.

A judgment for a lump sum was rendered in favor of Westye Monson against the defendant on October 18, 1916, in an action for compensation for injuries sustained by Monson while employed by defendant. Defendant's motion for a new trial was thereafter overruled, and he appealed to the supreme court on November 14, 1916. (*Monson v. Battelle,* 102 Kan. 208, 170 Pac. 801.) On November 24, 1916, Monson died, and the defendant made no effort toward having an administrator appointed and the action revived in his name. On June 26, 1917, this petition for a new trial was filed, wherein it was alleged that at the time of the trial the plaintiff, Monson, was afflicted with an exophthalmic goiter; that defendant knew at that time that he was so afflicted, but was not aware until after the motion for a new trial had been overruled and the case appealed to the supreme court that it was of such serious character as he had since discovered it to have been, or that it would cause his death long prior to the expiration of the eight years for which compensation was allowed; and that his death had occurred as a result of the disease. A summons was issued upon this petition for Monson and returned not served. On September 18, 1917, Elizabeth Appleros, the appellee herein, was appointed administratrix of Monson's estate, and on October 12, 1917, she had the appeal then pending in this court revived in her name as assignee and administratrix of Monson. Motions were made by defendant to set aside the order of revivor and to continue the cause, both of which were denied in the decision of the appeal on January 12, 1918. On January 15, 1918, another summons was issued upon the petition for a new trial and served upon the administratrix. When the petition came on for hearing she objected to any consideration of it, on the grounds that no petition had been filed as against her, and because more than one year had passed since the rendition of the judgment, and the court sustained the objection.

The petition came too late. The defendant contends that the

paper filed on June 26, 1917, asking for a new trial met the requirements of the statute, as it was placed on file within a year after the rendition of final judgment. The statute in effect provides that such a petition for a new trial must be filed not later than the second term after the discovery of the new grounds, and in no event can it be filed more than one year after the final judgment was rendered. (Gen. Stat. 1915, § 7210.) The paper filed with the clerk after the plaintiff had died and before a representative had been appointed was wholly ineffectual. The statute implies the existence of a plaintiff and a defendant, and that the proposed action is to be taken against an existing party upon whom service of process may be made. An action such as the one in which the petition was filed is personal, and it cannot be maintained unless there is a plaintiff and a defendant. Here the person against whom the proceeding was directed was not living. As was held in *Brooks v. Boston & Northern Street Railway*, 211 Mass. 277, a corpse is not a person, and a proceeding purporting to have been brought in the name of a decedent at a time when no representative had been appointed for his estate is a nullity, and an administrator subsequently appointed cannot be brought into the case by way of an amendment of the void proceeding. The petition delivered to the clerk was therefore without vitality as no plaintiff was then in existence, and when that petition was subsequently adopted by defendant after the appointment of the administratrix and process issued under it the right to institute the proceeding had become barred. No petition of any validity was filed at least until the one directed against the deceased had been adopted by the defendant, which was more than a year after the rendition of the judgment; and the statute expressly provides that "no such petition shall be filed more than one year after the final judgment was rendered." The defendant was not without a remedy, as he might have procured the appointment of an administrator of the estate of the deceased plaintiff within the time fixed by statute for the filing of a petition for a new trial.

The judgment is affirmed.