No. 23,682.

The LaSalle Street Trust & Savings Bank, William C. Niblack, as Receiver, substituted (revived in the name of the Chicago Title & Trust Company, as Receiver, Appellee), v. Herbert Hackney, Appellant, et al.

SYLLABUS BY THE COURT.

1. Pleading and Practice—Action Brought in Name of Defunct Corporation—Receiver of Assets Substituted as Plaintiff—Petition Amended—Appearance by Defendant—Jurisdiction Acquired. A petition was filed on which summons was issued and served, a corporation being named as plaintiff, although in fact it had been dissolved some time before, its assets having passed into the hands of a receiver. On application of the receiver he was substituted as plaintiff and allowed to amend the petition accordingly. Thereafter the defendant filed a motion raising nonjurisdictional matters. It is held that no error was committed in allowing such amendment and that at least from the time of the defendant's entering a general appearance by the filing of such motion an action was pending against him.

2. Trial—Case Submitted—Submission Set Aside—Judicial Discretion. It is held to have been within the discretion of the court, before the decision of a cause submitted and taken under advisement, to set aside such submission and hold the matter for further hearing.

Appeal from Shawnee district court, division No. 2; George H. Whitcomb, judge. Opinion filed July 8, 1922. Affirmed.

D. R. Hite, of Topeka, for the appellant.

Edwin A. Austin, of Topeka, for the appellee.

The opinion of the court was delivered by

Mason, J.: On December 28, 1915, a petition was filed in the district court, in which the LaSalle Street Trust & Savings Bank was named as the plaintiff, and which asked judgment against the defendants, Herbert Hackney and George Hackney, as guarantors of several notes said to be owned by the plaintiff. Summons was issued and served. The banking corporation named as the plaintiff had in fact been dissolved on January 18, 1915, and William C. Niblack had previously been appointed as its receiver. On October 14, 1916, such receiver asked to be substituted as plaintiff and to be permitted to file an amended petition, and the application was allowed and acted upon, the amendments being made by interlineation. Niblack died, and on April 5, 1921, an order was made reviving the action in the name of the new receiver, the Chicago Title & Trust Company. Herbert Hackney, who will hereafter be re-

ferred to as the defendant, appeals from the two orders referred to and from other rulings, further reference to which is here omitted to avoid complexity.

1. The plaintiff contends that the use of the name of the bank as plaintiff instead of that of the receiver was a mere inadvertence, which was properly corrected under authority of the provision of the code authorizing the court to "amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, . . . when such amendment does not change substantially the claim or defense." (Gen. Stat. 1915, § 7032.) The defendant asserts that the filing of the original petition was a nullity because it named as plaintiff a corporation which had ceased to exist. No action can be maintained in the name of such a corporation. (*Krutz v. Paola Town Co.,* 20 Kan. 397.) Where the only petition for a new trial filed within one year of the rendition of a judgment names as the adverse party one who has died, after the expiration of that period an administrator cannot be substituted so as to save the proceeding from the bar of the statute. (*Monson v. Battelle,* 103 Kan. 470, 173 Pac. 927.) Here, however, no question of the statute of limitations is involved. The question is not whether the substitution of the name of the receiver as plaintiff could operate by relation from the time the original petition was filed, so that an action should be deemed to have been begun at that time, but whether it created such a situation that an action should be regarded as pending against the defendant and in favor of the new plaintiff from the time of the amendment.

It has been held that a petition naming as plaintiff a person who is dead is a nullity and cannot be amended under a statute authorizing any amendment "which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought." The court said that the language of the statute "in plain words indicates the existence of a real plaintiff as the original instigator of the action." (*Brooks v. Boston & Northern Street Railway,* 211 Mass. 277, 279.) That case, however, was distinguished from an earlier one (*Lewis v. Austin,* 144 Mass. 383) in these words:

"That was a case where a live person having a valid claim, which he was obliged to prosecute in the name of another, by inadvertence used the name of one who had died. But the real plaintiff was alive. As was pointed out in the opinion, if he had brought the action in his own name, clearly an amend-

ment could have been allowed. So also if brought in a fictitious name. Moreover, there had been appointed an administratrix of the estate of the deceased person in whose name the action might have been brought." (p. 279.)

A statute authorizing the court before which "the cause shall be pending" to allow amendments has been held not to apply to a petition giving the name of a dead person as the plaintiff, because "it is limited by its terms to an existing case—one that 'shall be pending' at the time." (*Karrick v. Wetmore,* 22 App. D. C. 487, 493.)

On the other hand it was said in *Lewis v. Austin,* supra:

"As the legal owner of a demand who brings a suit upon it in another's name, or in the name of another person, can be allowed to substitute his own name, and as the beneficial owner who brings a suit in his own name can be allowed to substitute the name of the legal owner, it would seem to follow that when the beneficial owner brings a suit in a name, not of the legal owner, whether that of an existing person or not, the court has authority to allow him to substitute for it the name of the legal owner. It is no objection that there is no person in being of the name in which the suit is brought." (p. 384.)

And in *Denton v. Stephens et al.,* 32 Miss. 194, 196:

"Whether a nominal plaintiff be dead or alive at the institution of a suit upon a promissory note, cannot affect the right of the equitable owner to put it in use for the collection of the money, which he has the right to appropriate. Nor can it be of the least importance to the maker whether he is sued in the name of a living or a dead man, as in either event he would not be deprived .of any defence which he might have to the action. The amendment allowed, by striking out the name of the payee, who was dead, and inserting that of his administrator,—that is, the insertion of the name of one nominal plaintiff instead of the name of another nominal plaintiff,—was therefore a mere formal amendment. And if before the adoption of the statute, it could not have been made, its provisions, if they mean anything, and are not utterly nugatory, were assuredly broad enough to authorize it to be done. The amendment was therefore legitimate, and the action of the court in dismissing the cause consequently erroneous."

We think it was proper for the court to allow the petition to be amended by inserting the name of the receiver as plaintiff and changing its allegations to conform to the facts. Assuming that the lack of a living plaintiff rendered ineffective all that had been done up to that point, there was no occasion to rewrite a petition upon fresh sheets of paper or otherwise characterize the subsequent steps as those of a new or different proceeding, although they amounted to that in substance. We need not determine whether it would otherwise have been necessary to issue and serve a new summons in order to gain jurisdiction of the defendant, for on February 24,

1917, and June 22, 1917, he filed motions on nonjurisdictional grounds, thus entering a general appearance. The first motion (which was overruled) asked a dismissal of the action on the ground that a judgment in favor of the bank against the maker of the notes alleged to be guaranteed by the defendant had not been revived although the bank had been out of existence for more than two years. The other motion (which was allowed in part) asked for an order allowing the inspection of papers necessary to a defense.

The fact that the defendant was not given notice of the motion of the receiver to be substituted as plaintiff and to amend the petition accordingly does not affect the matter, since the action need not be regarded as having been begun until the changes had been made.

2. On September 17, 1920, the Chicago Title & Trust Company suggested the death of Niblack and asked to be substituted as plaintiff and to file an amended petition tendered with the motion. On December 15, 1920, the defendant filed an answer setting out among other matters the dissolution of the bank and asking that the action be abated. A reply consisting of a general denial was filed by the Title & Trust Company, which will hereafter be spoken of as the plaintiff. On January 3, 1921, a hearing was had on these pleadings and the case was taken under advisement. On January 6, 1921, the plaintiff gave notice of a motion to revive the action in its name. On January 19, 1921, the defendant, professing to appear specially for the purpose only of contesting the motion for revivor, filed an application to abate the action on the ground that it had never really existed. On January 22, 1921, the plaintiff filed motions to set aside the submission as premature and to revive the action in its name. On April 5, 1921, the court sustained the two motions last referred to.

The defendant asserts that the court had no power to set aside the submission. We think such action was within its discretion, inasmuch as no decision had been renderd. Moreover, the issues involved appear to have constituted or at least included questions of law either identical or connected with those already considered; and the defendant in the meantime had filed a new application for the abatement of the action. Other rulings complained of are in effect covered by what has already been said.

The plaintiff suggests that the rulings complained of are not

appealable. Inasmuch as we find no error to have been committed that phase of the matter need not be gone into.

The decisions appealed from are affirmed.