No. 26,544.

WILLIAM WALKER IMPLEMENT COMPANY, *Appellee,* v. W. N. ELLIS, *Appellant.*

SYLLABUS BY THE COURT.

PLEADING—*Name and Description of Party—Trade Name of Sole Party Interested.* A judgment rendered on a petition entitled in the trade name of the real sole party interested as plaintiff will not be reversed where the petition discloses the name of the actual party plaintiff, substantial justice has been done, and no substantial right of the defendant has been prejudiced.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed July 10, 1926. Affirmed.

*John Hartzler,* of Goodland, for the appellant.

*S. F. Murphy* and *E. E. Euwer,* both of Goodland, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is to recover on two promissory notes given to the Aultman & Taylor Machinery Company and by that company indorsed to the plaintiff. The defendant demurred to the petition on the ground that the court had no jurisdiction of the person of the defendant or of the subject of the action and that the plaintiff had no legal capacity to sue. The defendant also moved to dismiss the action for the same reasons. The demurrer was overruled, and the motion was denied. The jury returned a verdict for the plaintiff for $2,126.85 as directed by the court, and judgment was entered for that amount. The defendant appeals.

The petition disclosed that the William Walker Implement Company was owned and managed by William Walker, Jr. The evidence established that fact, and that the plaintiff was neither a partnership nor a corporation.

The only matter urged in the brief of the defendant is that the plaintiff had no legal capacity to sue because it was not an individual, not a partnership, nor a corporation. The petition and evi-

Appeal and Error, 4 C. J. pp. 924 n. 1, 926 n. 29, 1168 n. 98, 1169 n. 29. Parties, 30 Cyc. p. 44 n. 82.

dence disclosed that the plaintiff was William Walker, Jr. The name under which he sued, William Walker Implement Company, was the name under which he did business.

Section 60-401 of the Revised Statutes requires every action to be brought in the name of the real party in interest. William Walker, Jr., was the actual plaintiff, and he was the real party in interest. The defendant was not in any way misled or prejudiced by the manner in which the petition was entitled. Neither issues nor evidence were changed from what they would have been had the action been entitled William Walker, Jr., plaintiff.

By section 60-3317 of the Revised Statutes this court is directed to "disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining where it appears upon the whole record that substantial justice has been done." That statute controls in the present case.

The judgment is affirmed.