No. 28,999.

N. B. Friesen et al., *Appellants*, v. C. R. Hiatt, *Appellee*.

(283 Pac. 644.)

Opinion filed January 11, 1930.

*Frank G. Spurney,* of Belleville, and *John C. Hartigan,* of Fairbury, Neb., for the appellants.

*N. J. Ward,* of Belleville, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to recover on a promissory note. Various defenses were pleaded. The cause was tried by the

court without a jury, and judgment was entered in favor of defendant.

The material facts were these: For some time prior to February 23, 1918, N. B. Friesen, H. N. Friesen and H. H. Wall were partners in the implement business in Fairbury, Jefferson county, Nebraska. They did business in the firm name of Friesen & Company. The defendant was indebted to the firm on the purchase price of some machinery. In satisfaction of that indebtedness, on April 16, 1921, he executed his promissory note for $570 with interest from date at 10 per cent, payable to the order of Friesen & Company, due on December 1, 1921, at Fairbury, Neb.

Default was made in the payment of this note, and on November 9, 1926, this action to recover thereon was begun in the district court of Republic county, Kansas, where defendant resides. The plaintiffs named in the title to the original petition were "N. B. Friesen, H. H. Wall and John A. Friesen, doing business as Friesen & Company, a partnership." It later developed that John A. Friesen was not a member of the partnership and that H. N. Friesen had died intestate on February 23, 1918. His heirs were his widow and his parents. One H. F. Hole was appointed administrator of his estate under authority of the county court of Jefferson county, Nebraska; and the surviving partners, plaintiffs herein, in collaboration with the administrator and under the supervision of the county court, set about the winding up of the partnership affairs and had completed that duty by September 28, 1921.

In the judgment roll of the county court it was recited that the surviving partners, N. B. Friesen and H. H. Wall, had filed in that court their sworn report showing all partnership debts paid and settlement effected between them and the administrator. It showed uncollected assets subject to distribution between themselves and the heirs of their deceased partner. It also showed that the parents of N. B. Friesen, deceased, had assigned their interest to Maggie Friesen, his widow, and that she had conveyed all her interest to the surviving partners, plaintiffs herein. One of the uncollected assets which devolved on the distributees of the partnership property after its business affairs were settled and its debts paid was the note sued on in this action.

As a defense to the action defendant filed various dilatory motions and eventually answered with a verified general denial. He pleaded that plaintiffs did not have capacity to sue; that on April 16, 1921, defendant did execute the note sued on, but at that time the

copartnership of Friesen & Company, named payee, was not in existence because of the death of H. N. Friesen on October 23, 1918; that defendant did not know of the death of H. N. Friesen or of the dissolution of the partnership at the time he executed the note, and in consequence it was without validity.

Plaintiffs' demurrer to this answer was overruled, and for a reply they filed a verified denial.

A jury was waived and the cause was tried by the court. The evidence developed no serious dispute of fact. It mainly consisted of exhibits from the records of the county court of Jefferson county, Nebraska, under whose jurisdiction and supervision the partnership affairs had been closed and the estate of the deceased partner administered. A deposition of the widow of the deceased partner showed that the interest of her parents-in-law had passed to her and that all her interest passed in turn to the plaintiffs. An attorney from Nebraska gave testimony touching the law of that state pertaining to the right of surviving partners to the possession of the firm assets and to close its business and distribute its net remains. Pertinent excerpts from Nebraska statutes touching the jurisdiction of the county court over estates of deceased partners and related matters were likewise introduced. The decree of final account which chronicled the disposition of the partnership affairs and sanctioned the distribution of its assets was also exhibited.

The trial court gave judgment for defendant, and plaintiffs appeal, assigning error on the overruling of their demurrer to defendant's answer and on the judgment itself.

Appellee presents a cross appeal, assigning certain errors which, so far as necessary, will be considered as we proceed.

It will facilitate this review of the trial court's disposition of this case to follow, if we may, the argument of counsel who would uphold it. It is asserted that the plaintiffs had no capacity to sue. Why not? The suit was originally brought by three men. The fact that they characterized themselves as a partnership doing business as Friesen & Company was not fatal to the action. That was merely a mistake of the pleader, the correction of which was nonprejudicial. (*Trust & Savings Bank v. Hackney,* 111 Kan. 646, 208 Pac. 578; *Walker Implement Co. v. Ellis,* 121 Kan. 405, 247 Pac. 637.) So, too, the original inclusion and later elimination of the name of John A. Friesen as one of the plaintiffs was of no consequence. (*Kansas Pac. Ry. Co. v. Nichols,* 9 Kan. 235, 248.)

While the partnership was dissolved by the death of one of its

members, the surviving partners had the power and it was their duty to collect its outstanding notes and accounts, and in the exercise of a discretion which defendant cannot challenge they had authority to accept defendant's promissory note in satisfaction of his indebtedness or in renewal of an earlier note evidencing such indebtedness. It was not a fatal defect in the note that the named payee was that of the late partnership whose business affairs plaintiffs were liquidating and settling. It is only in a technical sense that a partnership is dead the moment one of its partners dies. The legal relation between the living partners and the dead partner is dissolved, of course, but even then it still has sufficient semblance of vitality to require its debts to be paid and its outstanding accounts collected. The "dead" partnership is not ready for sepulture until those matters are dispatched. (*Implement Co. v. Keyser*, 99 Kan. 8, 161 Pac. 592.)

In *Smith v. Kaufman*, 145 Ark. 548, a partnership of Kaufman and Wilson had been dissolved by the death of Wilson. The appellant Smith had been indebted to the partnership, and the appellee Kaufman as surviving partner had taken Smith's note and a mortgage, naming the former partnership as payee, in satisfaction of Smith's indebtedness. One of the defenses pleaded to an action on the note was that the payee of the note and named mortgagee was not in existence when the note and mortgage were executed. The court disposed of that proposition thus:

"While the death of Wilson *ipso facto* dissolved the partnership, it did not wind up the partnership affairs. The surviving partner, for that purpose, had the right to take the notes evidencing a debt due the former firm and the mortgage securing the same in the name of that firm, and to institute suit for recovery on the notes and to foreclose the mortgage. Sections 598, 599, 1 Rowley on Modern Law Partnership; 1 Lindley on Partnership, pp. 289-341. See *Blodgett v. Muskegan*, 27 N. W. 686, and other cases cited in note; Washburn on Real Property, (5 ed.), vol. 3, 278. The payee and mortgagee were clearly thus designated to indicate that the debt was contracted with, and due the firm of Kaufman & Wilson." (p. 551.)

The continued use of the firm name after dissolution of the partnership in some states is governed by statute. The firm name is itself an asset of the partnership estate, and if it is not sold in the winding up of the business, the right to it devolves on the distributees. (*Winget v. Grand Trunk Ry. Co.*, 210 Mich. 100; *Lobeck v. Lee-Clarke-Andreesen Hardware Co.*, 37 Neb. 158, 23 L. R. A. 795, 801.)

It is next suggested that it was not shown that the surviving partners had given bond as required by the Kansas statute so as to authorize them to take possession of the partnership assets of Friesen & Company. The argument is that in the absence of evidence the Nebraska law is presumed to be like our own, and consequently the surviving partners had no right to meddle with the assets of the dissolved partnership. There are several good answers to that contention. The pertinent Nebraska law was presented to the trial court, so the case did not turn on any presumption of its similarity to the Kansas law governing the right of surviving partners to wind up the partnership business. It was also shown that the surviving partners in collaboration with the administrator of the dead partner's estate, under the supervision of a court whose competency of jurisdiction was established, had wound up the partnership affairs and approved the apportionment and division of the remaining assets, including the note sued on, among the persons entitled thereto. The proceedings of the county court are entitled to full faith and credit. (*Graham v. Troth,* 69 Kan. 861, 77 Pac. 92.) Furthermore, and viewing the matter technically, plaintiffs derived title to the note from the liquidating partners of Friesen & Company and by assignment of all the interest of the heirs of the deceased partner and of his administrator. (*Perry v. Wheeler,* 63 Kan. 870, 66 Pac. 1007.) Plaintiffs also have a possessory title, which is good enough to sue on where it is not suggested that there is some other real party in interest. (*Casten v. Windett,* 119 Kan. 630, 240 Pac. 398, and citations.)

It is also asserted by appellee that this section was barred by the statute of limitations. This point is based on the fact that the amended petition was filed on February 4, 1928, which was more than five years after December 1, 1921, when the note matured. But the original petition containing the defect and inaccuracy of parties plaintiff was filed in time, November 9, 1926; and the amended petition which merely corrected that inadvertence did not change the cause of action. That remained as originally pleaded, consequently the action was not barred. (*Williams v. Bridge & Iron Co.,* 111 Kan. 34, 206 Pac. 327; *Butter Tub Co. v. National Bank,* 115 Kan. 63, 222 Pac. 754.)

The other arguments urged in support of the judgment have been duly considered but need no discussion. Turning next to points urged in defendant's cross appeal—that the action should have been abated because there was no Friesen & Company, and error in the

admission in evidence of a decision of the supreme court of Nebraska touching the law of that state. The first point has no merit, and the second is too technical to affect the proper disposition of this cause.

In view of what has been said above it is clear that the judgment cannot stand. It also seems clear that defendant has no defense to the action, since he admitted the execution of the note,. and there is no hint that he has paid it. It would be no favor to him to prolong litigation over this obligation which he cannot escape. In such case the code provides that the proper judgment be directed by this court. (Civ. Code, § 581, R. S. 60-3317; *Kansas Wheat Growers Ass'n v. Smith,* 127 Kan. 267, 273 Pac. 437, and citations.)

The judgment of the district court is reversed and the cause remanded with instructions to enter judgment in plaintiff's behalf for the amount of the note and interest thereon according to its terms.

JOCHEMS, J., not participating.