Holland v. White.

---

No. 22,714.

PAULINE L. HOLLAND and STELLA M. OBERLANDER, *Appellants*, v. C. H. WHITE, as an Individual and as Administrator, etc., *Appellee*.

SYLLABUS BY THE COURT.

ACTION—*Recovery of Personal Property—Defendant in His Capacity as Administrator Properly Made a Party Defendant.* Where personal property and cash came into the hands of an administrator by virtue of his office, and he is sued individually therefor, he may properly be made a party defendant in his capacity as administrator and file an answer and cross-petition as such; and on the issues thus raised the trial should proceed in due course; and where the defendant individually disclaimed and offered to make such disposition as the trial court might direct, a motion for judgment against him individually was properly denied.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed January 8, 1921. Affirmed.

*John Madden*, of Wichita, and *C. B. Crawley*, of Howard, for the appellants; *C. E. Cooper*, and *John Madden, jr.*, both of Wichita, of counsel.

*A. F. Sims*, of Howard, for the appellee.

The opinion of the court was delivered by.

DAWSON, J.: This was an action to recover some shares of stock in an oil company and $357.50 in cash, which plaintiffs alleged that they had entrusted to one Norman Redick, now deceased.

The stock and cash came into the possession of the defendant, White, who was administrator of Redick's estate. The

plaintiffs sued White individually. White filed a motion asking that he, as administrator, be made a party for the reason that as administrator he claimed the money and property as part of Redick's estate; that he made no personal claim thereto; and he declared his willingness to make such disposition as the court might direct. The motion was supported by an appropriate affidavit. The motion was allowed, and White, as administrator, filed an answer and cross-petition, in which he narrated at length certa'n business transactions between plaintiffs and Redick, wherein the latter; pursuant to certain agreements with plaintiffs, had commenced drilling on some leased ground held by Redick, with funds supplied and to be supplied by plaintiffs; that Redick had incurred certain expenses for which his estate should be reimbursed by plaintiffs; that the plaintiffs were liable to Redick's estate for certain drilling work done by him, and that the drilling work had been suspended by direction of plaintiffs, although Redick in his lifetime and his administrator thereafter stood ready, willing and able to carry out the agreements with plaintiffs, and that there was due from plaintiffs to Redick's estate the sum of $627.75, for which sum the administrator asked judgment.

The plaintiffs moved to set aside the order allowing White as administrator to be made a party, and to strike out his answer and dismiss his cross petition. This motion was denied.

White's individual answer was a discla'mer, and alleged that any and all concern which he had in the money and property involved was as administrator of Redick's estate.

Plaintiffs filed a reply to White's individual answer, in which they pleaded—

"That he, the said White, is in law and in fact estopped and precluded from pleading or claiming as he does in his said answer that he has never 'individually had or held possession' of any of the money or property sued for by plaintiffs and described in their amended petition; and affirm that the fact of his individual possession of said money and property is *res judicata* and is a matter no longer open for denial or dispute by him; because the said White as individual defendant in said action induced and procured this court to make and enter its order of record on the 5th day of May, 1919, permitting said White as administrator of the estate of Norman Redick to intervene in this action, by filing a motion and affidavit made by said White for that purpose, on the 3d day of May, 1919, based on the provisions of section 42 of the Code of Civil Procedure, wherein and whereby said White represented to the court that

he individually then and there had possession of the money and shares of stock sued for by plaintiffs and that he could and would individually produce and deliver the same into said court, and disclaimed any further interest in the result of said action."

Plaintiffs also filed a motion requiring White, individually, to deliver into court the money and shares of stock, and for judgment against White on the pleadings. The motion was allowed so far as pertained to the surrender of the shares of stock, and was overruled in all other respects, the court's order concluding thus: "In other respects let this action proceed in due course."

Plaintiffs appeal, assigning error on overruling their motion to strike out the administrator's answer and cross-petition, and in overruling, in part, plaintiffs' motion for judgment on the pleadings.

The appellee files a motion to dismiss the appeal because no final order has been made in the trial court, and that no appealable order is here for review. This court is inclined to the opinion that appellee is measurably right in this contention, but let us examine plaintiffs' contentions:

The pleadings had disclosed that the defendant, White, individually had no interest or concern in this controversy, but as administrator he had a genuine responsibility touching the stock and cash. In this situation it was highly proper that he should be made a party in his capacity as administrator. Indeed, since he laid claim to the property for Redick's estate, he was a necessary party to a complete determination of the controversy. (Civ. Code, §§ 35, 40, 41, 42, 45, Gen. Stat. 1915, §§ 6925, 6930-6932, 6935.) That White in his individual capacity had disclaimed and offered to submit the stock and cash to such order as the court might direct is immaterial. In *Culbertson v. Sheridan*, 93 Kan. 268, 272, 144 Pac. 268, it was said:

"It is not important, therefore, whether or not the procedure by which this result was obtained was free from flaw. As this. court has .many times declared, rules of procedure are not ends in themselves. They are merely means by which correct results can be obtained, and no appeal is meritorious which seeks to overturn a manifestly correct result merely because of procedural nonconformity." (Citing Civ. Code, § 581.)

Since the pleadings disclosed that plaintiffs' controversy was not with defendant individually, and also that there was

a real controversy between plaintiffs and the defendant as administrator, it is obvious that the motion for judgment was properly overruled.

Without positively deciding that the rulings of the trial court were not appealable orders, it is quite clear that the rulings complained of contain no error, and the judgment is affirmed.