No. 26,121.

ANNA INDIHAR, Administratrix of the Estate of ANTONE INDIHAR, Deceased, *Appellee,* v. WESTERN COAL AND MINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Review of Judgment—Rules of Procedure.* The ordinary rules of procedure provided by the civil code for new trials and judgments have no application to proceedings to review a judgment under the workmen's compensation act. (R. S. 44-528.)

2. SAME—*Award—Review and Modification—Increased Disability.* "The workmen's compensation act provides that at any time before final payment of an award has been made the award may be reviewed, and if the court shall find that incapacity of the workman has increased, the award may be modified accordingly. This provision authorizes review and modification of an award which has been previously reviewed and modified"—following *Corvi v. Crowe Coal & Mining Company,* ante, p. 244.

Appeal from Crawford district court; DANIEL H. WOOLLEY, judge. Opinion filed December 5, 1925. Affirmed.

*W. P. Waggener, J. M. Challis,* both of Atchison, *C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* of Pittsburg, for the appellant.

*A. L. Majors,* of Columbus, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Antone Indihar received personal injuries on September 11, 1919, while employed by the defendant as a coal miner in Crawford county. A proceeding for compensation resulted in judgment against the defendant, July 17, 1920, providing compensation for the plaintiff—

"For 25 weeks from and after September 18, 1919, at $15 per week, or $375; 26 weeks at $7.50 per week, or $195; and all in the aggregate $570; that all that part of the said $570 due and owing the said plaintiff from the said defendant at the date hereof to be paid in a lump sum, the balance thereof to be paid periodically in installments on the second and fourth Saturdays of each month at place and in the manner that the said plaintiff was being paid his wages by the said defendant on and prior to September 11, 1919."

On April 2, 1921, Indihar filed a petition for review, setting out that his physical condition, as a result of his injury, had steadily grown worse, and that he was wholly, totally and permanently in-

1. Workmen's Compensation Acts, C. J. § 151.   2. Id., C. J. § 123; L. R. A. 1916A, 163, 266; L. R. A. 1917D, 186; 28 R. C. L. 827, 829.

Indihar v. Western Coal & Mining Co.

capacitated. On hearing, the former judgment was modified, providing:

"That said plaintiff have and recover of and from the said defendant for said temporary partial incapacity compensation herein for a period of fifty-two weeks from September 11, 1920, at the rate of $7.50 per week; that all compensation under the judgment, as herein modified, shall be made at the time and place and manner as provided in said judgment so rendered herein as aforesaid."

An additional petition for review and modification was filed, resulting, December 10, 1921, in a further modification providing—

"That the said plaintiff have and recover judgment herein against the said defendant for $6 per week for 156 weeks from and after September 11, 1921, or until September 11, 1924, payable periodically in installments as herein provided; that the said plaintiff have and recover judgment herein in a lump sum for all that is due and owing from said defendant unto said plaintiff from September 11, 1921, until January 14, 1922, at the rate of $6 per week."

A third petition for review and modification was, upon hearing June 22, 1923, denied. A fourth resulted, on October 3, 1924, in a judgment modifying the previous award:

"That the said plaintiff have and recover of and from the said defendant for said total partial incapacity compensation at the rate of $6 per week for a period of 156 weeks from and after September 11, 1924, or until September 11, 1927."

The defendant appeals from the last award, contending that there never was an arbitration or award in this proceeding; that preliminary steps were taken to that end, but were abandoned by the parties, and that the cause proceeded as an ordinary lawsuit; that a jury trial, at first demanded, was finally waived, and the action tried to the court; that a judgment founded upon the workmen's compensation act is not distinguishable from a judgment under any other act and that when the court has once heard and determined the evidence, found the present and anticipated damage and injury, and rendered judgment thereon, such judgment is a finality and can only be disturbed or overthrown in the manner pointed out by the code of civil procedure; that plaintiff was precluded from a further review of the award because he failed to file a motion for a new trial when modification was refused him June 22, 1923. The code rules relating to new trials and judgments do not apply where reviews of awards and judgments are specifically provided for by

the compensation act. The compensation statute contains this language:

". . . *Provided,* In no case shall a lump-sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under the provisions of section 4 of this Act, and such judgment may be reviewed at any time after the expiration of six months upon application of either party and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review." (R. S. 44-534.)

Another provision reads:

"At any time before the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the judge of the district court having jurisdiction, upon the application of either party," etc. (R. S. 44-528.)

From which it appears that the compensation laws give the district judge specific authority to review judgments rendered in compensation cases where periodical payments are ordered. In the instant case periodical and future payments were always ordered, no lump-sum judgment being rendered except for sums already due. When existing judgments were reviewed and changed such was done before final payment had been made.

The question of successive reviews was given consideration in the recent case of *Corvi v. Crowe Coal and Mining Company,* ante, p. 244, 237 Pac. 1056, where it was said:

"The workmen's compensation act provides that at any time before final payment of an award has been made the award may be reviewed, and if the court shall find that incapacity of the workman has increased, the award may be modified accordingly. This provision authorizes review and modification of an award which has been previously reviewed and modified." (Syl. ¶ 1.)

Since the filing of this appeal Antone Indihar has died, and the cause, by stipulation, has been revived in the name of his administratrix.

The judgment is affirmed.