No. 27,664.

W. A. Doss, *Appellant,* v. Cornelison & Kelly, a Partnership, and The Federal Surety Company, *Appellees.*

(261 Pac. 584.)

SYLLABUS BY THE COURT.

1. Workmen's Compensation Act—*Review of·Judgment—Rules of Procedure.* The ordinary rules of procedure provided by the civil code for new trials and judgments have no application to proceedings to review a judgment under the workmen's compensation act. (Following *Indihar v. Western Coal & Mining Co.,* 119 Kan. 748, 241 Pac. 448.)

2. Same—*Award—Review and Modification Before Final Payment.* The workmen's compensation act provides that at any time before final payment of an award has been made the award may be reviewed, and if the court shall find that incapacity of the workman has increased an award may be modified accordingly. (Following *Corvi v. Crowe Coal & Mining Co.,* 119 Kan. 244, 237 Pac. 1056.)

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed December 10, 1927. Reversed.

*S. H. Piper* and *Thurman Hill,* both of Independence, for the appellant.

*W. N. Banks, O. L. O'Brien, Walter L. McVey,* all of Independence, and *D. A. Murphy,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover under the workmen's compensation act. Plaintiff was injured while in the employ of defendant November 6, 1924. Upon application an arbitrator was

Workmen's Compensation Acts, C. J. pp. 119 n. 6, 120 n. 15 new, 128 n. 27, 132 n. 76.

appointed, who filed a report awarding plaintiff compensation of $12 per week for two years for total disability, and thereafter $6 per week for six years for permanent partial disability. Both parties filed exceptions to the award, which were denied by the court. The court, on May 6, 1925, sustained an application by plaintiff for a lump-sum judgment, but granted defendants a stay of execution for ten days, within which time defendants executed a bond approved by the court providing that no execution issue on the judgment so long as the employer continued to make payments in accordance with the original award undiminished by discounts. Payments were made by defendants in accordance with the award, and thereafter and within the two years plaintiff filed an application to increase the compensation. Evidence was introduced showing plaintiff's disability had increased. The court, however, denied plaintiff an increase of compensation, apparently on the theory that it was without authority to open or modify the judgment. It was successfully contended by the defendants in the court below that the court was without jurisdiction to review the award because the application for increased compensation was not filed within a year after rendition of final judgment as required by the provisions of the civil code relating to petitions for new trial. (R. S. 60-3005.) The provision of the code relied upon by defendants is not applicable here. The proceeding is controlled by the provisions of the workmen's compensation act. (*Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056.) The stay of execution and defendant's bond were executed in accordance with the provisions of section 18 of that act (R. S. 44-530), which provides for such bond when there is question of the employer's financial ability to pay. Section 16 of the act (R. S. 44-528) provides for modification of the award at any time before final payment. (*Corvi v. Crowe Coal & Mining Co.*, supra; *Indihar v. Western Coal & Mining Co.*, 119 Kan. 748, 241 Pac. 448.)

It is apparent that plaintiff was seeking a review upon two grounds; first, that his disability had increased, and second, that the award of the arbitrator was grossly inadequate. There was evidence that his injuries had increased and that he had been able to earn on an average only $2.50 per week since his injury. The evidence showed that he earned more in 1925 than in 1926, and at the time of the hearing before the district court was unable to work because of such injury.

A contention by the defendant that the award was not subject to

review because of being made for specific injuries cannot be sustained.

It is contended by the defendant that the trial court by its judgment found generally against the plaintiff on the facts as well as the law, and that therefore the court's finding is conclusive. The record is not clear in this regard. If the trial court finds as a matter of fact that plaintiff is not entitled to increased compensation, that determination will, of course, be controlling.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.