No. 29,816.

STANLEY JACKOVICH, *Appellant*, v. ARMOUR & COMPANY, *Appellee*.

(296 Pac. 708.)

Opinion filed March 7, 1931.

*W. W. McCanles,* of Kansas City, for the appellant.

*E. S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *G. R. Herr,* of Chicago, Ill., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by an administrator from an order of the district court refusing to revive the award of compen-

sation in the name of the administrator since the death of the plaintiff, the injured workman, and before the expiration of the period during which weekly payments were to be made by the defendant to the plaintiff for permanent partial disability as fixed by the award of compensation.

A preliminary question is presented by the motion of the defendant, the appellee, to dismiss the appeal because Joe Cyhel, who made the application in the district court to revive the action and has taken the appeal to this court, is not and never has been the administrator of the estate of the deceased plaintiff, but the estate was settled by the public administrator. The counsel for appellant admits the mistake and has had the estate reopened by the public administrator, and now requests that the name of Donald H. Corson be substituted for Joe Cyhel as administrator and that the appeal be considered on its merits.

The motion to dismiss was perfectly proper under the circumstances, but the matter comes squarely within the provisions of R. S. 60-3317 as a technical error and irregularity which this court is directed by that statute to disregard. If the estate of the injured and deceased workman is entitled to receive the weekly payments falling due after his death, the change of name of administrator will not in any material way affect the appellee. A very similar situation existed and is reported in the case of *Jameson v. Railway Co.*, 111 Kan. 670, 208 Pac. 560, where an action by a railway employee for injuries sustained in railway service was brought against the director general of railroads, the appeal being taken in the name of the director general, and it was held that his personal name was a mere formality, and further that "such appeal will be considered on its merits and not dismissed on the technical ground that the person holding that office has retired and another person has succeeded him in office and no motion for substitution has been formally made and allowed." (Syl. ¶ 1.)

In the more recent case of *Walker Implement Co. v. Ellis*, 121 Kan. 405, 247 Pac. 637, it was held:

"A judgment rendered on a petition entitled in the trade name of the real sole party interested as plaintiff will not be reversed where the petition discloses the name of the actual party plaintiff, substantial justice has been done, and no substantial right of the defendant has been prejudiced." (Syl. See, also, *Holland v. White*, 108 Kan. 167, 194 Pac. 645; and *Friesen v. Hiatt*, 129 Kan. 470, 283 Pac. 644.)

This action is under the old compensation law. The workman was injured June 15, 1925, while working for the defendant company, and on his application an award was made in his behalf by the arbitrator and from it he petitioned to the district court for a review, alleging that his incapacity had increased and that the award was inadequate. The court upon such review substantially increased the award and allowed the plaintiff a lump sum which covered the increase to the date of the review, which sum was paid by the defendant, and the court further allowed the plaintiff for permanent partial disability the sum of $6 per week for the remainder of the eight-year period from the date of the injury, or until June 15, 1933. No appeal was taken from this award, but shortly thereafter the plaintiff applied to the court for a lump-sum judgment on the basis of 80 per cent of the unpaid weekly payments to be paid in the future, expressing doubt as to the security of his compensation. The defendant met this motion, as authorized by R. S. 44-530, by furnishing a bond to stay further proceedings and requesting the court to approve the same, which was done on March 22, 1928. The plaintiff died on December 2, 1929, at which time the defendant was not in default as to any of the weekly payments. Later, when the application of the administrator to revive the action was denied, the court found that at the time of the death of the plaintiff workman all payments had been made to him by the defendant that were then due; that the death of the plaintiff had been caused by other and independent causes than the injury for which compensation was being paid him, and that the payments of compensation not yet due and payable at the time of his death would cease and be abrogated by his death. This is the order or judgment from which the administrator appeals.

Appellee relies in support of this ruling upon the provisions of R. S. 44-510, subdiv. 20 (old law), which were as follows:

"If a workman has received an injury for which compensation is being paid him, and his death is caused by other and independent causes, any payments of compensation already due him at the time of his death, and then unpaid, shall be paid to his dependents direct, or to his legal representatives if he left no dependents, but the liability of the employer for payments of compensation not yet due and payable at the time of the death of such workman shall cease and be abrogated by his death."

On the other hand, the appellant contends this statute cannot and does not apply where a judgment has been rendered and the rights

of the parties fully determined; that when the court found that the plaintiff had sustained a permanent partial disability the payment became due and payable, and that the findings and decree of the court was a judgment rather than an award.

Appellant cites many cases where it has been held that when a matter in issue has once been determined it is not subject to a re-determination; that it is entitled to the recognition of permanence and constancy always accorded a judgment. This may be conceded as applied to judgments generally unless an appeal or other steps are taken to reverse or modify the same under the rules of civil procedure. But it has been held that the rules of civil procedure have no application to proceedings to review a judgment under the workmen's compensation act. (*Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056; *Indihar v. Western Coal & Mining Co.*, 119 Kan. 748, 241 Pac. 448; *Doss v. Cornelison & Kelly*, 124 Kan. 631, 261 Pac. 584.)

Appellant also cites the following three compensation cases: *Smith v. Boiler Works Co.*, 104 Kan. 591, 180 Pac. 259; *Johnson, Guardian, v. Milling Co.*, 116 Kan. 731, 229 Pac. 359; and *Pulley v. Chicago, R. I. & P. Rly. Co.*, 122 Kan. 269, 251 Pac. 1100.

The first case was where the injury resulted in the death of the workman, who left a widow wholly dependent, and the widow died before compensation was made. It was there held the administrator of the deceased workman was a proper party to prosecute the claim and was entitled to recover the full amount of compensation which vested on the death of the workman notwithstanding the provisions of the section above quoted.

The second case above cited was also a case of a death claim, and it was held that the amount of compensation was subject to computation and became due and payable upon the death of the workman. The distinction between these two cases and one where the statute provides and the award directs the payments to be made by installments is plainly apparent.

In the third case above cited the claimant was an injured workman in the railroad service. After issues were joined but before trial a compromise and settlement was effected, the agreed compensation was paid and by agreement judgment of dismissal was entered with prejudice to any future action, and it was held to be a final adjudication on the merits and a bar to any future action on

the claim. This holding does not appear to be conclusive as to the entirely different state of facts in the case at bar. The facts in the case cited may possibly have brought the payments under the installment plan, but by agreement they were all made payable at once, and when fully paid a final judgment of dismissal was the necessary conclusion of the whole matter.

Had the motion of the plaintiff in the instant case, to have the 80 per cent lump-sum rule apply, been sustained instead of being stayed by the giving of a bond, the plaintiff would then have had a real judgment which could have been collected after his death, because when reduced to such a judgment it could not come under the terms of the statute as "not yet due and payable at the time of the death of such workman."

The very language of the statute disputes the soundness of the contention of the appellant that the award made by the district court on review is in effect a judgment in that it provides that the claimant may "apply to the said district court for judgment against the employer for a lump sum equal to 80 per cent of the amount of payments due and unpaid and prospectively due under said award." (R. S. 44-529, old law.) This indicates plainly that the prior order made by the court fixing the allowance was only an award and not strictly speaking a judgment fixing the present liability.

Appellant contends the award in the case at bar is like that for a scheduled injury and the judgment, when rendered, represents a present and definite liability. This would be plainly out of harmony with the provision of R. S. 44-528, which authorizes frequent reviews that may be initiated by either party, and further if such award is to be regarded as a scheduled injury the appended proviso to that section excluding from its application scheduled injuries would be quite inconsistent and it would further render nugatory R. S. 44-531, which affords the defendant an option of satisfying the entire award on an 80 per cent basis after making the installment payments for six months.

To hold that the payments not yet due and payable shall cease and be abrogated by the death of the workman is in absolute harmony with other provisions of the same section, which declares that marriage of a dependent shall terminate the compensation as far as that dependent is concerned and that compensation shall cease as to a minor dependent upon the minor attaining the age of eighteen

years. This court has sustained these latter provisions in the case of *Taylor v. Sulzberger & Sons Co.*, 98 Kan. 169, 157 Pac. 435.

We conclude that under the finding of the court that the death of the workman had been brought about by other and independent causes than the injury for which compensation was being paid him, the payments not yet due and payable at the time of his death should cease and be abrogated by his death.

The judgment is affirmed.