No. 34,852

ANNIE ECKERT LAWRENCE, Widow of Frank A. Lawrence, and as Guardian of Beverly Blanche Lawrence and Joyce Ann Lawrence, Minor Dependents, *Appellant*, v. THE NATURAL GAS PIPE LINE COMPANY, and THE HARTFORD ACCIDENT INDEMNITY COMPANY, *Appellees*.

(106 P. 2d 685)

Opinion filed November 9, 1940.

*Herbert Diets, R. C. Russell, John Henry Lewis* and *Isabel Obee*, all of Great Bend, for the appellant.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer*, all of Wichita, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This appeal is from a judgment of the district court setting aside an award made by the workmen's compensation commissioner.

Prior to October 29, 1938, one Frank Alvin Lawrence was em-

ployed by the Natural Gas Pipe Line Company, and was earning $24.23 per week. On that date he met with an accident, arising out of and in the course of his employment, which resulted in the amputation of his left hand. By agreement and without formal award, the employer paid all expenses of the operation, and paid Lawrence compensation covering the period from December 5, 1938, until August 13, 1939. The workman was paid $14.54 per week, being 60 percent of his average weekly earnings, for 36 weeks, making his total payments for the period $523.44.

On September 6, 1939, Lawrence was accidentally killed. It is conceded there was no causal connection between his death and the accident of October 29, 1938. His death resulted from "other and independent causes" within the meaning of subparagraph 23 of section 44-510.

After the death of Lawrence the appellants filed a claim with the workmen's compensation commissioner asking for an award for 114 weeks at $14.54 per week. The award of the commissioner recites:

"Under the provisions of the workmen's compensation act, the injured workman would have been entitled to receive for the loss of his hand 150 weeks and in addition thereto a healing period of ten percent, not to exceed 15 weeks. The workman's return to his employment would terminate the healing period and the record herein indicates that he had a period of total disability of $4\frac{2}{7}$ weeks, which added to the 150 weeks would make a total of 154.29 weeks, deducting the 40.29 weeks for which compensation has been paid would leave a balance of 114 weeks at the rate of $14.54 per week. At the time of this workman's death on September 6, 1939, there was due and owing him 3 and $\frac{3}{7}$ weeks of compensation at the rate of $14.54 or a total of $49.86, which has not as yet been paid."

The award recites that the employer made an offer to pay appellants the sum of $49.86, representing the accrued compensation due Lawrence at the time of his death. This tender was refused. The commissioner held that the death of the workman did not abrogate the remaining weekly payments due the deceased workman, and made an award in favor of appellants for 114 weeks plus $49.86, representing the accrued compensation. From the award so made an appeal was taken to the district court.

The district court held that the compensation already due the workman at the time of his death and unpaid, should be paid to his dependents, but that the payments of compensation not yet due and payable at his death ceased and became abrogated by his death.

The answer to the question presented by this appeal must be found in the provisions of the workmen's compensation act.

Clause (c) of paragraph 3 of section 44-510 provides:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter compensation shall be paid as provided in the following schedule, the average weekly wages to be computed as provided in section 11 [44-511] of this act, and the compensation in no case to be more than eighteen dollars ($18) per week."

Paragraph 11 of section 44-510 reads:

"For the loss of a hand, 60 percent of the average weekly wages during 150 weeks."

We also quote paragraph 23 of the same section:

"If a workman has received an injury for which compensation is being paid him, and his death is caused by other and independent causes, any payments of compensation already due him at the time of his death and then unpaid shall be paid to his dependents direct, or to his legal representatives if he left no dependents, but the liability of the employer for payments of compensation not yet due at the time of the death of such workman shall cease and be abrogated by his death."

Section 44-511, referred to in clause (c) of paragraph 3, quoted above, sets out the manner in which the weekly wages of the workman are to be computed.

Section 44-512 recites:

"The payments shall be made at the same time, place and in the same manner as the wages of the workman were payable at the time of the accident, but the commission upon the application of either party may modify such regulation in a particular case as to the commission may seem just."

The language of paragraph 23 of section 44-510 is clear and fits the facts of the case before us. At the death of Lawrence the accrued compensation due him and unpaid was $49.86. This amount was tendered appellants. When this payment is made, what further liability is imposed on appellees? The statute reads that "the liability of the employer for payments of compensation not yet due at the time of the death of such workman shall cease and be abrogated by his death."

Appellants seek to escape the perfect and controlling application of this statute by asserting that there is a conflict between the sections above quoted. It is contended that under clause (c) of para-

graph 3 of section 44-510, the amount of the compensation is fixed, but paragraph 23 of the same section cuts short the award so fixed. Our attention is also directed to section 44-528, which provides for review, modification or cancellation of an award. The proviso of that section states that the review provisions of the section shall not apply to the award of compensation for a scheduled injury. The contention seems to be that as there can be no review or modification of the award for a scheduled injury, the liability of the employer for the full period of 150 weeks is fixed when the award is made, and that the right to compensation for a scheduled injury survives and inures to the benefit of the widow and minor children or dependents where the employee is killed by independent causes.

In effect the contention is that the agreement gave Lawrence a vested right to 60 percent of his average weekly wages for 150 weeks. It gives the agreement the dignity and force of a judgment. If the contention is sustained, then any agreement by an employer to pay an injured workman according to the provisions of the statute, becomes a confession of judgment—his liability to pay for the entire 150 weeks is finally determined.

As to the accrued payments due the workman at the time of his death, and then unpaid, the liability is fixed and determined. It is the property of the workman, and paragraph 23 of section 44-510 directs it shall be paid to his dependents—or, if none, to his legal representatives. But where is there a like provision as to the payments for compensation not yet due when death came to the workman from such independent cause? If the liability of the employer for the full period of 150 weeks is finally determined by an award or an agreement, then it follows that the workman has a vested interest in the postponed payments which he could bequeath by his will, or which would pass at his death under the statute of descents and distributions. Thus it might pass to strangers not contemplated by the compensation act.

Under section 44-510 the compensation for a scheduled injury is a certain percentage of the average weekly wages of the injured workman, and section 44-512 provides that the payments shall be made at the same time, place and manner as the wages of the workman were paid at the time of the accident. Clearly the legislative purpose was to allow the compensation in substitution for the wages he was receiving. The wages of a workman cease at his death, and paragraph 23 of section 44-510 provides that where the workman

meets death through an independent cause, the payment of compensation due at the time of his death "shall cease and be abrogated by his death." This court has no power to set aside this explicit command of the statute.

We do not think the decision in *Jackovich v. Armour & Co.*, 132 Kan. 656, 296 Pac. 708, is contrary to views herein expressed.

The judgment is affirmed.