## Louren Carpenter v. Elijah S. B. Vail and another.

*Line fences: Penalties: Conditions precedent: Finding of facts.*    It is incumbent upon a party attempting to enforce the penal liability allowed by the statute (*Comp. L. 1871*, §§ *778-9*) as to building line fences between adjoining proprietors, to show that in substance all the conditions have arisen which the statute contemplates as precedent to it; and where judgment is given on a special finding, the finding must show the existence of the requisite conditions; and one of the conditions to the liability to pay double the cost of building such line fence is, that the fence viewers in writing under their hands assigned a reasonable time for the party charged as delinquent to make the fence.

*Line fences: Adjoining proprietors: Occupant: Husband and wife.* An occupant of premises, to be held liable under the statute for the building of line fences, must be one in possession and having the use and control of the premises in such manner that he has a lawful right, if he so wills, to fence voluntarily; and one who merely lodges with his wife on premises belonging to the wife and of which she is the exclusive manager, and who carries on business by himself elsewhere, and has no more legal right to fence or to interfere with the matter than a stranger, cannot be made liable for line fences built by an adjoining proprietor.

*Submitted on briefs April 4. Decided April 17.*

Error to Berrien Circuit.

*W. R. Lyon* and *E. Bacon,* for plaintiff in error.

*Potter & Potter,* for defendants in error.

GRAVES, J:

This litigation originated in proceedings under *ch. 14, C. L.,* concerning fences. *Section 778* provides as follows: "Where any lands belonging to different persons in severalty shall have been occupied in common without a partition fence between them, and one of the occupants shall be desirous to occupy his part in severalty, and the other occupant shall refuse or neglect, on demand, to divide with him the line where the fence ought to be built, or to build a sufficient fence on his part of the line when divided, the party desiring it may have the same divided and assigned by two or more fence-viewers of the same township in the manner provided in this chapter."

The next section provides for carrying out and enforcing the rights and duties so marked out, and is as follows:

"Upon the division and assignment, as provided in the preceding section, the fence-viewers may, in writing under their hands, assign a reasonable time for making the fence, having regard to the season of the year, and if either party shall not make his part of the fence within the time so assigned, the other party may, after having completed his own part of the fence, make the part of the other and recover therefor double the ascertained expenses thereof,

together with the fees of the fence-viewers, in the manner provided in this chapter."

Vail and Gordon, claiming to have built a strip of partition fence which Carpenter, as adjoining occupant, had become bound to build and ought to have built under these provisions, sued him before a justice to recover double the ascertained expense, etc., and were allowed to recover. Carpenter appealed and the cause was tried by the circuit judge without a jury.

The judge made a finding and entered judgment against Carpenter for double the expense of the fence. Several objections are taken to the proceedings which it is not necessary to notice.

The general question is, whether the finding justifies the judgment; and that it does not, seems clear. Where one attempts to enforce the penal liability allowed by this statute, it is incumbent upon him to show that in substance all the conditions have arisen which the statute contemplates as precedent to it, and in case judgment is given on a special finding, the finding must show, as a special verdict would, the existence of the requisite conditions, and if it do not, it cannot be aided by reference to the testimony which may have been given. Now, one of the conditions essential to the liability charged here *is,* that the fence-viewers, in writing under their hands, assigned a reasonable time for Carpenter to make the fence, and yet this is not found at all. Evidence appears to have been given on the subject, but no finding was made on it. But there is another question of greater moment. The evidence tended to show that Carpenter did not own the adjoining land, and had no power or control over it or connection with its use or management. He claimed that his wife was owner and exclusive manager, and that he was merely a lodger on the premises as consort of the owner, and that he carried on business by himself away from these premises. The judge refers to the evidence on this subject and the claim of Carpenter, but makes no distinct finding as to occupancy. The finding is barely

that Carpenter had his home on the place; that it was called and regarded as his, and that the equities were against him. Occupancy, in the sense of this provision, and by which one may be made liable to an indefinite amount for fence building by compulsory proceedings instituted by another, means something more than boarding or living upon the premises. A party may have his home on a place and still have no right or power to place any fence or other erection upon it, and the statute was not intended to apply to a person having no lawful right to make erections. To be an occupant in the sense of this statute, one must be in possession and have the use and control of the land. · His connection with the property must be such that it would be proper and consistent for him, if he so willed, to fence voluntarily. According to the case, such was not the situation of Carpenter. He had no more legal interest in the fencing, and no more legal right to fence or interfere on the subject, than any stranger. He carried on business by himself elsewhere, and simply sojourned on the premises in his character of husband.

This is a fatal defect in the case.

The judgment must be reversed, and one entered here for Carpenter, with the costs of both courts.

The other Justices concurred.