ELI HOWSER AND WILLIAM HOWSER v. ROSINA F. MELCHER.

*Forcible entry and detainer—Treble damages.*

The Michigan statute (Comp. L., § 6717) giving treble damages for injuries arising from forcible entry or detainer does not cover losses resulting to plaintiff from the breach of defendants' express promise to surrender possession; it is doubtful also whether it covers loss of profits for goods which the plaintiff was prevented from exposing for sale on the premises.

Special damages cannot be shown unless the declaration supplies a basis for proving them as part of the ground of action.

Under Comp. L., § 6717, allowing damages in forcible entry and detainer cases to be trebled, there is no authority for trebling anything but what the jury specifically report as "damages," and the terms of their verdict must control.

A common law declaration upon a statute is bad if it does not in the same count state the circumstances necessary to support the action, and expressly refer to the provision counted on.

Pleading the statute is stating the facts which bring the case within it, and counting on it is making express reference to it by apt terms to show the source of right relied on.

40 MICH.—24.

The statute allowing general pleading upon statutes in certain cases (Comp. L., ch. 185) does not apply to the action for treble damages allowed by Comp. L., § 6717 in cases of forcible entry or detainer.

Error to St. Joseph.    Submitted January 8 and 9. Decided January 21.

Trespass.    Defendants bring error.

*John B. Shipman* for plaintiffs in error.    The declaration must allege any special damages relied on, such as the loss of expected profits (*Fuller v. Bowker*, 11 Mich., 212; *Friedland v. McNeil*, 33 Mich., 40), and these cannot be estimated by speculation, *Allison v. Chandler*, 11 Mich., 542; *Cuddy v. Major*, 12 Mich., 368; *Warren v. Cole*, 15 Mich., 265; *Fitzsimmons v. Chapman*, 37 Mich., 139.    Treble damages should not be given where the declaration does not count on the statute allowing them. *Mooers v. Allen*, 2 Wend., 247; *Benton v. Dale*, 1 Cow., 160; *Livingston v. Platner*, id., 175.

*H. H. Riley* for defendant in error, as to damages for injury to business, cited *Gilbert v. Kennedy*, 22 Mich., 129; *Winchester v. Craig*, 33 Mich., 205; *Shaw v. Hoffman*, 25 Mich., 162; *Swift v. Plessner* 39 Mich.

Graves, J.    The statute giving summary proceedings to recover the possession of land (Comp. L., ch. 211) contains this section:

"(6717) Sec. 24.    The complainant obtaining restitution of any premises under the provisions of this chapter, shall be entitled to an action of trespass, or trespass on the case against the defendant, and may recover treble damages from the time of the forcible entry, or forcible detainer, or of the notice to quit or demand of possession, as the case may be, and all other damages to which he may be entitled."

Mrs. Melcher having as lessor or as assignee of the lessor recovered possession of certain premises from plaintiffs in error, under said chapter sued them in this case.

to obtain the damages given by this section.  She claimed that defendants in error detained the property two months and four days without rent and caused her special damage.  The jury under the instructions of the court found specially that she was entitled to rent for two months and four days, at $50 per month, being $106.66; that she was entitled to interest thereon from the 26th of October, 1876, to the 23d of November, 1877, and which amounted to $8.02, and was further entitled to $55 damages, in the whole amounting to $169.02.

The court on motion of Mrs. Melcher's counsel trebled the item spoken of in the verdict as *rent*, and then added the items of "interest" and "damage" and entered judgment for the whole sum, being $385 and costs of suit.  Defendants below then brought error.

There are several questionable matters in the case which will not be examined.  It may be observed in passing, however, that the points raised on account of the difference between the description in the complaint before the magistrate and the description contained in the declaration do not appear to the court as important.

Evidence to the jury was admitted to show an express promise by plaintiffs in error to give possession and that defendant in error relied on it and made business arrangements accordingly, and that plaintiffs in error broke their promise and thereby caused Mrs. Melcher to suffer damage.

There was no basis for proof of that kind in the declaration or even in the ground of action itself.  Admitting there was such grievance, it was a separate and distinct injury, and not a misdoing included in the wrong aimed at by the statute.

The jury were allowed to consider Mrs. Melcher's want of opportunity to expose goods for sale during a part of the two months and four days at the premises in question, as involving special damage to her.  This was error.  The goods not sold during that short time

continued her property. They were not lost. They were still on hand for sale, and so far as appears they may have been worth much more after than before. There was no evidence to establish any damage for loss of profits, nor any foundation for such evidence in the declaration, and there is room for question whether an action depending on the statute would be open to it.

The right to the recovery demanded arises upon the statute and depends on it, and the case is penal in its character. There can be no equitable construction to aid the remedy. The statute must be carefully followed and the settled rules of law relating to such actions must be adhered to.

There is no provision to recover or treble any thing else than "damages," whatever may enter into them. Nothing except what the jury find and report as "*damages*" is authorized to be trebled, and in trebling the damages found, the language of the verdict must control. The court may not speculate upon the subject and seize upon expressions elsewhere to warp the legitimate legal sense of the terms of the finding for the purpose of settling what may and what may not be trebled, and hence there is room for question whether on the face of this case the court was authorized to treat the "rent" or "interest" reported by the jury as "damages" subject to be trebled, and whether the verdict showed any thing capable of being legally trebled in making up the judgment except the $55 specifically found and reported as damages. The case does not require a decision of this point, but the circumstances suggest the propriety of mentioning it.

Under the objections taken the declaration must be held insufficient to support the recovery. It contains only two counts, and it is conceded that the first is not a good count on the statute. It does not assume to state the circumstances necessary to support the action and the omission is of course fatal. 2 Saunders Pl. & Ev., 830 et seq.; 1 Chitty Pl. [16 Am. ed.], 385 to 388,

and notes: *McKeon v. Lane*, 1 Hall, 356; *Bigelow v. Johnson*, 13 Johns., 428; *People v. Brooks*, 4 Denio, 469; *Soper v. Harvard College*, 1 Pick., 177; *Williams v. Hingham etc. Turnpike*, 4 Pick., 341; *Berry v. Stinson*, 23 Maine, 140; *Henniker v. Contoocook Valley R. R. Co.*, 29 N. H., 146. See also *Carpenter v. Vail*, 36 Mich., 226.

The Legislature has authorized general pleading on statutes in certain cases (Comp. L., ch. 185), but the present action is not embraced. The regulation dispenses with a recital of facts, but requires express reference to the provision counted on.

The second count purports to allege the facts constituting a cause of action upon the statute, but it does not count upon the statute after all. That is to say, it does not refer expressly to the statute as the source of the right asserted, and this defect is as fatal as the want of facts in the other count.

When the form of pleading depends on the common law the statute must be both pleaded and counted on.

Pleading the statute is stating the facts which bring the case within it, and counting on it, in the strict language of pleading, is making express reference to it by apt terms to show the source of right relied on. 1 Chitty Pl., *supra;* 2 Saunders' Pl. & Ev., *supra.* In *Wells v. Iggulden*, 3 Barn. & C., 186, and in *Fife v. Bousfield*, 6 Q. B., 100, the court arrested judgment because the declaration did not distinctly count in this way on the statute.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.