Frank A. Menne Factory *v.* Harback.

Opinion delivered February 10, 1908.

1. Anti-trust act—construction.—Under the anti-trust act of January 23, 1905, it is unlawful for any corporation, partnership or individual to do business in this State while a member of a pool, trust or combination, whether made in this State or elsewhere, to fix or regulate in this State or elsewhere the price of any article. *Hartford Ins. Co.* v. *State,* 76 Ark. 303, followed. (Page 282.)

2. Same—application to interstate commerce.—The anti-trust act of January 23, 1905, making the sale of any article by any individual, company or corporation transacting business in this State contrary

to its provisions unlawful, and relieving the purchaser of liability for the unpaid part of the purchase money, and authorizing him to recover the money paid, does not affect sales made in another State between citizens of that State and citizens of this State, though the sales were completed by delivery in this State, such transactions constituting a part of interstate commerce. (Page 283.)

3. SAME—FORFEITURE—SUFFICIENCY OF PLEADING.—Under the rule that one who seeks to enforce a forfeiture must set forth in his pleading every fact necessary to show that he is entitled to it, where plaintiff sued defendant upon an account for merchandise alleged to have been sold in another State, and the latter set up in defense that at the time plaintiff sold said merchandise plaintiff had become a party to a trust to fix the price thereof in this State, and sold said merchandise in this State to defendants at the price so fixed, but failed to allege that the plaintiff was transacting business in this State when it sold the merchandise to defendant, the answer was insufficient. (Page 284.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Charles E. Warner,* for appellant.

1. Judgment by default was unwarranted. Kirby's Digest, § § 6120, 3151, 6137; 60 Ark. 399. Appellees by their answer had presented issues, first, as to partial payments and second, as to appellant being a member of a trust, and therefore not being entitled to maintain the action; and the burden was on appellees to prove both these issues. Failing therein, appellant would be entitled to judgment. 7 Ark. 475; 72 Ark. 44; 67 Ark. 169; 64 Ark. 446. Where an issue raised by answer is undisposed of, no valid judgment could be given. 4 Ark. 526; 5 Ark. 197; 23 Ark. 18; 42 Ark. 268. No presumption in favor of a default judgment. 7 Ark. 447; 30 Ark. 487; 4 Ark. 440. Clearly, there could be no judgment in this case without proof. Kirby's Digest, § 4240; 25 Ark. 257; 16 Ark. 200; 2 Ill. 390; *Id.* 391; 78 Ind. 534; 40 Mo. 180. A judgment on the pleadings is proper only in cases where, notwithstanding any proof which might be offered, no other judgment would be sustained by the pleadings. 16 Col. 484; 87 Cal. 78.

2. The demurrer should have been sustained. In seeking to invoke a penal statute, the pleading must set out every fact necessary to constitute the offense, and such pleading is strictly construed. 58 Ark. 39, 43; 145 Ill. 150; 2 Bibb. (Ky.) 225; 3

*Id.* 96; 40 Mich. 185; 114 Mo. 210; 5 How. (U. S.) 215. The complaint avers that appellant was doing business in Louisville, Kentucky, and this is admitted; and the answer nowhere alleges that it was engaged in business in Arkansas. The statute applies to "any individual, company or corporation transacting business contrary to the provisions of this act within this State;" and it was incumbent on appellees to aver such facts as would bring the appellant within the terms of the statute. The insufficency of the second paragraph, or counterclaim, standing alone, is patent. It does not aver that appellant was engaged in the manufacture and sale of candy in Arkansas or was transacting business within the State at all in violation of law; nor that the candy was sold in furtherance of or in connection with any trust, nor at a price fixed by a trust, etc., nor that the sales were made in Arkansas. 70 Ill. App. 544. Where a pleading fails to state a cause of action, a default judgment thereon will be reversed. 76 Cal. 299. See also 86 Pa. St. 32; 90 *Id.* 277; 107 *Id.* 578; 88 Wis. 576; 2 Wend. 280.

3   Section 4 of the act does not warrant affirmative relief to the extent claimed here. The counterclaim rests, not upon the context, but upon the proviso in that section, and there is no warrant in the proviso for the purchaser retaining the goods and also recovering the price thereof, which he had voluntarily paid. 46 Ark. 310; 50 Ala. 365; 24 How. Pr. 249; 20 Atl. (Conn.) 456; 17 Ill. App. 200; Lewis' Sutherland, St. Cons., § 351; L. R. 21 Q. B. D. 544; 106 Fed. 47.

*Mechem & Mechem*, for appellees.

The demurrers were properly overruled. The allegations of the complaint and answer, taken together, are sufficient to show that appellant was transacting business in Arkansas. The purpose of the anti-trust act is to prohibit the sale by any one under any circumstances of an article to any one in this State when the seller is a party to a combination or conspiracy to regulate or fix the price of that article. Whenever a party to such a trust or combination sells property the price of which has been so unlawfully fixed, it is "transacting business contrary to the provisions of this act." The answer shows that appellant was selling candy in the State, and it was not necessary to aver that

it was engaged in the manufacture thereof in the State. Neither was it necessary to aver that it was sold in furtherance of or in connection with an unlawful trust, etc., since the act nowhere makes any such requirement. There was no duty resting upon appellees to return or offer to return the goods. The act places the penalty upon the offender as a matter of public policy, and in effect says that such a sale furnishes no consideration for a payment or a promise to pay the unlawfully fixed price.

2. This was not a judgment by default, within section 6237, Kirby's Digest, but a judgment upon the pleadings, a thing which this court has approved as proper practice. 69 Ark. 118.

BATTLE, J. On October 28th, 1905, Frank A. Menne Factory commenced an action against S. E. Harback and Frank D. Harback, partners doing business under the firm name and style of Harback Brothers, alleging that plaintiff was doing business in Louisville, Kentucky, and that defendants were indebted to it for goods and merchandise in the sum of $5,890.56, an account of which was filed; and that an accounting was had between it and defendants, and defendants agreed to pay the $5,890.65 with interest from October 25, 1905; and asked judgment for that amount and interest.

The defendants answered as follows:

"Now come the defendants and answer: First. They admit the purchase of the merchandise, as set out in the complaint, but they allege that since the beginning of this suit they have paid on said account some $3,600, and they allege that, at the time plaintiff sold said merchandise to defendants, it had entered into and become a member of and party to a trust, agreement, confederation and understanding with divers other parties, firms or corporations, whose names are to defendants unknown, under the name and style of the National Candy Company, to regulate, fix and limit the production of candy in the State of Arkansas and elsewhere, and to regulate and fix the price at which candy should be sold in Arkansas and elsewhere, and the plaintiff sold said merchandise in the State of Arkansas to defendants at a price so fixed in violation of the provisions of an act of the State of Arkansas, approved January 23, 1905, entitled 'An act providing for the punishment of pools, trusts and conspiracies to control prices, and as evidence and prosecution

in such cases.' Wherefore defendants say that plaintiff ought not to have or maintain this action for the price of merchandise so sold to the defendants in violation of law.

"Second. Defendants, further answering by way of counterclaim and setoff, say that, since March 23, 1905, they have bought of the plaintiff in Arkansas candy in value amounting to over $5,000, for which they have paid plaintiff, and they allege that at the time they so purchased said candy the plaintiff had entered into and become a party to a trust, agreement, confederation, combination and understanding with various persons, firms and corporations, whose names are to the defendants unknown, under the name and style of the National Candy Company, for the purpose of regulating, limiting the amount of candy manufactured, and fixing and regulating the price of candy in the State of Arkansas and elsewhere, which trust, confederation, agreement and combination and understanding was in violation of an act of the State of Arkansas entitled "An act providing for the punishment of pools, trusts and conspiracies to control prices and as evidence and prosecution in such cases," approved January 23, 1905. Wherefore defendants pray judgment against plaintiff for said sum of $5,000, so unlawfully received by it and for costs."

The plaintiff demurred to the first paragraph of the answer because it does not state facts sufficient to constitute a defense; and to the second paragraph "because it does not state facts sufficient to constitute a cause of defense, or to entitle the defendants to the relief therein sought."

And the court overruled both demurrers, and plaintiff excepted. And the court rendered judgment by default in favor of defendants against plaintiff for $5,000 and interest. And plaintiff appealed.

Under the construction of the act of January 23, 1905, upon which defendants rely, by this court in *Hartford Insurance Company* v. *State*, 76 Ark. 303, it is unlawful for any corporation, partnership or individual to do business in this State while a member of a pool, trust or combination, whether made in this State or elsewhere, to fix or regulate in this State or elsewhere the price of any article of manufacture, mechanism, merchandise, commodity, or any other article or thing whatsoever, etc.

Section four of the act provides: "The sale, delivery, or disposition of any of the articles, commodities or things hereinbefore mentioned, by any individual, company or corporation transacting business contrary to the provisions of this act within this State is hereby declared to be unlawful and contrary to public policy, and the purchaser of any article or commodity from any such offending individual, company or corporation shall not be liable for the price or payment thereof, whether the purchase was made directly from the individual, company or corporation so unlawfully transacting business, or indirectly from one who acted for such individual, company or corporation, as agent, representative, solicitor or canvasser. And provided further, that where any money or other thing of value is paid to such individual, company or corporation so unlawfully transacting business, its agents, representative, solicitor or canvasser, the person so paying the same may recover back the amount of the money or the value of the thing so paid."

This section makes the sale of any article, goods and merchandise by any individual, company or corporation transacting business in this State contrary to the provisions of the act unlawful, and relieves the purchaser of any liability for the unpaid part of the price, and enables him, so far as it can, to recover the money paid. The defendants do not allege in their answer that the plaintiff was transacting business in this State when it sold goods and merchandise to the defendants. In one paragraph they allege that the plaintiff sold the merchandise to them in the State of Arkansas, and in the other paragraph that they bought candy of the plaintiff in Arkansas. Plaintiff alleged in its complaint that it was doing business in Louisville, Kentucky, and this stands confessed by the defendants. This being true, the allegations of the answer might also be true, and the contracts for the sale of the goods could have been made and completed at plaintiff's place of business in the State of Kentucky and the sales completed by delivery in Arkansas, and the contract would not have been affected by the act, the validity of the contract being governed by the laws of Kentucky, and would not be a transacting of business within the meaning of the act; for it is not to be presumed that the act was intended to affect a sale beyond its reach. In the event that the goods were sold in

the manner indicated, the citizen of one State selling to citizens of another State, the sale would be a part of interstate commerce, and could not be controlled by any act of the State. No State can invalidate, forbid, or control such a transaction. That power is given only to Congress. For a full and complete review of authorities upon this question, see *Butler Bros. Shoe Co.* v. *United States Rubber Co.*, 156 Federal Reporter, pages 1-21.

The defendants seek to enforce a forfeiture in this action. In such cases the party seeking the forfeiture must set forth in his pleading every fact necessary to show that he is entitled to it. The pleading is strictly construed. Nothing is taken by implication. *Railway Co.* v. *State,* 58 Ark. 39; *People* v. *Fesler,* 145 Ill. 150; *Jones* v. *Van Zant,* 5 How. (U. S.) 215, 228; *McGrew* v. *Missouri Pac. Ry. Co.,* 114 Mo. 210; *Howser* v. *Melcher,* 40 Mich. 185.

The answer of the defendants fails to show a defense or setoff or counterclaim; and this is true, although every allegation in it be taken for true. The pleadings do not sustain the judgment.

The judgment is reversed, and the cause is remanded with directions to the court to sustain the demurrer and for a new trial.