No. 22,026.

DAVID J. SMITH, as Administrator of the Estate of AMBROSE W. BECK, Deceased, *Appellee*, v. THE KAW BOILER WORKS COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Death of Night Watchman—Death.Arose Out of Employment—Subsequent Death of Sole Dependent—Legal Representative May Sue—Amount of Compensation.* The night watchman in a boiler factory was killed while in performance of his duties. He left a widow, who was wholly dependent, as his sole dependent. Before compensation was made, the dependent died. The administrator of the estate of the workman sued for compensation. *Held:*

(1) The action was prosecuted by the proper party.

(2) The right to the full amount of compensation allowed by subdivision 1 of section 5905 of the General Statutes of 1915, vested on the death of the workman, and was recoverable, notwithstanding the provision of subdivision 4 relating to discontinuance of compensation on marriage of a dependent and on arrival of a dependent at the age of independency.

· (3) The injury to the night watchman which resulted in his death arose out of the employment.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MCCAMISH, judge. Opinion filed April 12, 1919. Affirmed.

*J. E. McFadden, O. Q. Claflin, jr.,* both of Kansas City, and *O. C. Mosman,* of Kansas City, Mo., for the appellant. · ·

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation under the workmen's compensation act. The plaintiff recovered, and the defendant appeals.

Death of the workman resulted from his injury. He left a widow, who was wholly dependent, as his sole dependent. Before compensation was made, the dependent died. The action was prosecuted by the administrator of the estate of the workman. The statute provides that when death results from injury the action shall be prosecuted by the dependent or de-

pendents entitled to compensation, or by the legal representative of the deceased for the benefit of dependents. (Gen. Stat. 1915, § 5930.) The defendant says the primary right of action is given dependents, and that the action should have been prosecuted by the administrator of the deceased dependent.

The statute does not, in terms, prefer dependents as plaintiffs. Either dependents or the legal representatives of the deceased may sue. When brought by either the action is well commenced as to the defendant, who cannot choose its adversary, and whose sole interest is that it shall not be compelled to pay twice. In this instance, death of the widow, the sole dependent, incapacitated her to sue, and if the statute be followed literally, no one but the administrator of the deceased workman could sue. However this may be, the action was prosecuted by a statutory agent expressly designated for the purpose, and the defendant may not complain.

The statute relating to the amount of compensation reads as follows:

"The amount of compensation under this act shall be: (a) Where death results from injury: (1) If the workman leaves any dependents wholly dependent upon his earnings, an amount equal to three times his earnings for the preceding year but not exceeding thirty-six hundred dollars and not less than twelve hundred dollars. . . . (4) Marriage of any dependent shall terminate all compensation of such dependent, but shall not affect compensation allowed other dependents; when any minor dependent, not physically or mentally incapable of wage earning shall become eighteen years of age, such compensation shall cease." (Gen. Stat. 1915, § 5905.)

The defendant says the amount of compensation recoverable was whatever accrued between the death of the workman and the death of the dependent. The plaintiff says the entire amount accrued immediately on the death of the dependent.

The section quoted was originally section 11 of chapter 218 of the Laws of 1911, the first attempt at workmen's compensation legislation. In 1913 a number of changes were made in the law. Except for a minor modification not now material, the only amendment of section 11 was by the insertion of subdivision 4, relating to marriage and arrival at the age of independency. (Laws 1913, ch. 216, § 5.) It is difficult to determine just what the legislature had in mind, and not seeing its way clear to an authentic general interpretation, the court,

for present purposes, will treat the provision as discontinuing compensation on the happening of the events specified.

There can be no doubt that under the act of 1911.the amount of compensation was a single sum, definitely ascertainable by a prescribed method, the right to which became fully vested in the widow on the death of her husband. (*United Collieries Limited v. Simpson*, Appeal Cases [1909], 383; *Munding v. Industrial Comm.*, 92 O. St. 434.) The act of 1913 discontinued payment of compensation in just two instances—marriage of the dependent, and arrival at the age of independency. Death of the dependent after death of the workman was not added as a third disability, and consequently is not a bar to recovery of the full sum specified in subdivision 1.

The deceased workman was night watchman in a boiler factory, and was killed by burglars, while in the performance of his duties. It is said the hazard was not one which inhered in or was peculiarly incident to operation of a boiler manufacturing plant, and consequently, that the injury did not arise out of the employment.

A fair statement of the rule under the rather limited statute of this state is that the injury must result from some danger peculiar to the hazardous character of the employment. This does not mean, however, that in a factory classified as extra hazardous because of the use of dangerous machinery, none but machine operators or employees working in proximity to machinery may have compensation. Regarding for the moment the operating of machinery as the acme of the employment, all that combines to make it such, everything integrated with it essential to effective functioning—other conditions being fulfilled—is included in the hazard. The principle is well illustrated in the case of *Matter of Larsen v. Paine Drug Co.*, 218 N. Y. 252. The drug company was engaged in the hazardous business of manufacturing drugs and chemicals. Larsen was porter, elevator man, and general handy man, who took in freight, packed goods, and did small repair work. He was injured while building a shelf near an elevator well. The court said:

"Appellants' second proposition means that a person engaged generally in an employment which has been defined as hazardous cannot

38—104 KAN.

recover compensation for injuries received while performing some act not immediately connected with what might be deemed the hazardous and characteristic feature of the business, although such act was incident to the employment and necessary in prosecuting and carrying forward the business. . . .

"We think this is too narrow a view of the statute and would lead to limitations upon its application which were not intended or anticipated by the legislature. It is not necessary to attempt to lay down a final and universal rule on that subject. We feel perfectly secure, however, in holding that where, as in this case, an employee is injured while performing an act which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his dependents are not to be barred from recovery because such act is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed." (pp. 255, 256.)

It is stated that in the present case the watchman was killed in the factory. There is no contention that a night watchman was not necessary to the security of the plant, and so to the maintenance and prosecution of the defendant's business.

The judgment of the district court is affirmed.