MARY JAMES RUSSELL, Respondent, *v.* JAMES BUTLER GROCERY COMPANY, Appellant.

First Department, November 3, 1933.

*Hieronimus A. Herold* of counsel [*Rogan & Rogan,* attorneys], for the appellant.

*Paul F. Diggins* of counsel [*Saul Grover Wlodaver,* attorney], for the respondent.

O'MALLEY, J. The judgment appealed from imports a finding of negligence on the part of the defendant in the care and operation of a hand push-cart used by it for the delivery of groceries. The cart at the time it caused injury to the plaintiff was being used by the defendant's employee, Curran, who left it for a period of ten minutes while he was engaged in making a delivery.

Plaintiff's evidence was to the effect that the cart was on the sidewalk when it came into collision with her. She saw no person near or in charge of it at the time, nor was she able to say what caused it to move.

Curran, called by the plaintiff, testified that he left the cart at the curb in such a position that it would not move without the intervention or application of some external force and that when he returned it was out in the street a couple of houses from the point where he had last seen it. Defendant called two small boys, who admitted that they had been playing with it in the street, but that at no time was it on the sidewalk. Their testimony was to the effect that the plaintiff who was carrying a cane at the time, sustained her injuries by tripping upon cobble stones which formed the surface of the sidewalk at the point in question.

Plaintiff's evidence was to the effect that the sidewalk at the

point in question inclined or sloped from the building line towards the curb and that when she first saw the cart it was on the sidewalk about three feet from the building line and near the entrance to a tenement. From this point, for a cause unknown, it moved or rolled down the incline, striking her and causing her to fall.

The cart was small, "about three feet wide by four, with two big wheels in the back and one small wheel in the front." When being pushed the cart tilted so that the small wheel was free from contact with the ground. It weighed about fifty pounds.

It is clear from the remarks of the learned trial justice at the time of directing a verdict, that he predicated negligence upon the part of the defendant's employee in (1) leaving the cart on the inclining sidewalk; and (2) leaving it unattended on the street or sidewalk in violation of a provision of the Code of Ordinances of the City of New York (Code of Ordinances of the City of New York, chap. 23, art. 13, § 152.)

The first finding of negligence was not warranted. The record is barren of proof that the defendant's employee left the cart on the sidewalk. In fact all evidence is to the contrary. Assuming that it was on the sidewalk at any time, it was placed there, not by the defendant's employee, but by a third party or stranger, for whose acts the defendant may not be held responsible. Leaving the cart at the curb temporarily unattended and unguarded was not a negligent act in the circumstances here shown. (*Lazarowitz* v. *Levy*, 194 App. Div. 400; *Mann* v. *Parshall*, 229 id. 366; *Maloney* v. *Kaplan*, 233 N. Y. 426; *Frashella* v. *Taylor*, 157 N. Y. Supp. 881, and *Vincent* v. *Crandall & Godley Co.*, 131 App. Div. 200.)

While the cart was equipped with a chain and lock, Curran, as plaintiff's witness, testified that these were used only at night when the cart was not in use. There was no evidence that it was customary or usual to secure such vehicles by lock and chain while deliveries were being made. We hold, therefore, that the defendant in the circumstances here disclosed was not bound to secure the cart by chain and lock.

The ordinance held to have been violated reads: "No person, being the owner or the agent, or the employee of the owner of any truck, cart, wagon or other vehicles, or of any box, barrel, bale of merchandise or other movable property, shall leave, or suffer or permit to be left such vehicle, merchandise or other movable property upon any public street."

This has no application to the facts here presented. To so hold would render every owner of a vehicle such as an automobile, a truck, cart or wagon, even while in use, liable for mere parking at the curb. The ordinance, we think, was not intended to apply

to such a situation, but only to a more or less permanent occupation of the streets by vehicles enumerated in the ordinance when such are not in use.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.