JOHN J. RUSSELL, as Administrator, etc., of MARY JAMES RUSSELL, Deceased, Respondent, v. JAMES BUTLER GROCERY COMPANY, Appellant.

First Department, January 19, 1934.

*Rogan & Rogan*, for the appellant.

*Saul Grover Wlodaver*, for the respondent.

O'MALLEY, J. One Mary James Russell (plaintiff's decedent) brought this action against the defendant James Butler Grocery Company for personal injuries sustained through the alleged negligence of its employee.

Defendant's appeal to this court was heard September 26, 1933. By an order of November 3, 1933, this court, without knowledge of the death of the plaintiff, respondent, on October 18, 1933, reversed the judgment in her favor and dismissed the complaint (*Russell v. Butler Grocery Co.*, 239 App. Div. 169).

Thereafter and by order of the Supreme Court, the present plaintiff was substituted as plaintiff in place and stead of the decedent.

The motion of the administrator is for an order vacating and setting aside the order of reversal of this court on the ground that the same is void. The defendant, while making no objection to the

granting of plaintiff's motion, moves further, that, upon vacating the order heretofore entered, this court again reverse the judgment and dismiss the complaint.

Ordinarily the death of a party to an action *ex delicto* abates the action. Such result does not always follow, however, when death occurs after judgment. Then the tort is merged in the judgment and the matter proceeds as if *ex contractu*. Subsequent appeals are proper. (*Blake* v. *Griswold,* 104 N. Y. 613; *Carr* v. *Rischer,* 119 id. 117.)

The death of a party to such an action after submission to an appellate court, but before decision, is not covered by any provision of the Civil Practice Act.

Under such and similar circumstances, however, the appellate court may render its decision and enter its order or decree *nunc pro tunc* as of the date of a submission had prior to the death of the party. (*Jewett* v. *Schmidt,* 108 App. Div. 322; affd., 184 N. Y. 608; *MacLean* v. *Hart,* 238 App. Div. 1; *Mitchell* v. *Overman,* 103 U. S. 62; *Borer* v. *Chapman,* 119 id. 587; *Bell* v. *Bell,* 181 id. 175; *Sanderson* v. *United States,* 210 id. 168.) Such procedure. was recently followed by this court upon the settlement of the order in *City Bank Farmers Trust Co.* v. *Charity Organization Soc.* (238 App. Div. 720). The order of the appellate court may also authorize the entry *nunc pro tunc* in the office of the county clerk of any judgment to be entered upon its order. (*Thorne* v. *Thorne,* 210 App. Div. 55.)

It follows, therefore, that the motion of the plaintiff to vacate the order of reversal of this court will be denied, without costs, and the motion of the defendant for a dismissal of the complaint will be granted to the extent of granting a resettlement of the order of reversal of this court dated November 3, 1933, so as to provide that the same shall be entered *nunc pro tunc* in this court as of September 26, 1933, and that the judgment of dismissal to be entered thereon in the office of the county clerk shall likewise be entered *nunc pro tunc* as of such date.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Motion of plaintiff to vacate order of reversal of this court denied, without costs, and motion of defendant for a dismissal of the complaint granted to the extent of granting a resettlement of order of reversal of this court dated November 3, 1933, so as to provide that the same shall be entered *nunc pro tunc* in this court as of September 26, 1933, and that the. judgment of dismissal to be entered thereon in the office of the county clerk shall likewise be entered *nunc pro tunc* as of such date. Settle order on notice.