Argued March 16; affirmed April 3, 1934

# ARMSTRONG *v.* STATE INDUSTRIAL
# ACCIDENT COMMISSION

(31 P. (2d) 186)

*Victor R. Griggs,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Miles H. McKey, Assistant Attorney General, on the brief), for appellant.

*James West,* of Portland (W. C. Campbell, of Portland, on the brief), for respondent.

BEAN, J. In October, 1929, William Wallace Armstrong, of the age of forty-two years, was employed by the Ford Motor Company in Portland, Oregon. The evidence tended to show that on October 5 he received an accidental injury arising out of and in the course of his employment. The accident was due to some automobile wheels falling from a pile and hitting him upon the back of the neck and shoulders. The decedent was engaged with another man in piling the wheels, which weighed about twenty pounds each and were piled fifteen wheels high, and about six of them fell approximately eight feet, landing edgewise on his back, flooring him and badly bruising his neck, back and shoulders, causing a cessation of his work temporarily.

Mr. Armstrong applied for work and was examined by a physician for the employer, Ford Motor Company, on September 7, 1929, and was passed "as fit for any work". The physician thoroughly examined his heart and found no evidence of any disease. Before the accident he was able to perform his work speedily and

efficiently, and had considerable "pep". Afterwards he was unable to keep up with his work. He was sluggish and was favored because of the accident. He continued on the job a portion of the time until October 23, when he became so ill that he had to quit and go home, unable to work longer. His bruises were treated with liniment. He lounged about the house until the 28th, when he got up, and after moving around a little he fell dead. A post mortem examination performed for the coroner showed death from "coronary thrombosis with infarction".

The jury found a causal connection between the injury and the thrombosis and that the deceased came to his death as a result of the accident. The testimony tended to show that Armstrong died as a result of thrombosis of the right coronary artery and that this condition was caused by a blood clot which formed at the right coronary artery. The theory of the plaintiff is and the testimony tended to show that the injury of October 5 produced an embolus which was carried through the blood stream until it eventually reached the right coronary artery, at which place it increased and formed a thrombus, which produced death. The matter was thoroughly explained to the jury by two physicians, witnesses on behalf of plaintiff.

■ It is the theory of the defendant that death was caused by a thrombus which originally formed within the right coronary artery and that this thrombus was caused by arteriosclerosis and was not caused by the accident of October 5. There is testimony on the part of the defendant upon this question by two physicians. While the matter was thoroughly explained, the physicians upon the opposite sides differed as to their conclusions. This left the question for the determina-

tion of the jury and as there was substantial and competent evidence supporting the verdict of the jury it cannot be disturbed.

■ The testimony indicated that there was a casual connection between the accident and the death. Whether directly causing it, lighting up, aggravating, or accelerating a diseased condition, the resultant disability or death is chargeable to the accident: *Robertson v. State Ind. Acc. Comm.*, 114 Or. 394 (235 P. 684); *Baker v. State Ind. Acc. Comm.*, 128 Or. 369 (274 P. 905); *Elford v. State Ind. Acc. Comm.*, 141 Or. 284 (17 P. (2d) 568).

■ An award of compensation may be made, although there was a pre-existing heart disease, if that disease was aggravated and accelerated by an accidental injury arising from the employment and was the proximate cause of the disability or death. Any person will die some time and it is immaterial whether the life is shortened one month, or years, as the result of an accident: Annotations, 19 A. L. R. 95, 110; Annotations, 60 A. L. R. 1199. We read from the Annotation to *Carroll v. Industrial Commission of Colorado*, 69 Colo. 473 (195 P. 1097), 19 A. L. R., at page 111, as follows:

"An award of compensation may be made, although there was a pre-existing heart disease, if that disease was aggravated and accelerated by an accidental injury which arose out of and in the course of the employment, and was the proximate cause of the disability or death. Jakub v. Industrial Commission (1919), 288 Ill. 87, 123 N. E. 263; Springfield Dist. Coal Min. Co. v. Industrial Commission (1921), 300 Ill. 28, 132 N. E. 752; Madden's Case (1916), 222 Mass. 487, L. R. A. 1916D, 1000, 111 N. E. 379."

■ Where two conclusions may legitimately be drawn from the facts in evidence, one favorable to the plaintiff and the other favorable to the defendant, a question is presented which calls for the determination of the jury: *Galvin v. Brown & McCabe,* 53 Or. 598 (101 P. 671); *Devroe v. Portland Ry., L. & P. Co.,* 64 Or. 547 (131 P. 304); *Hicks v. Peninsula Lbr. Co.,* 109 Or. 305 (220 P. 133); *Elford v. State Ind. Acc. Comm.,* supra.

A careful reading of all the testimony shows that the verdict of the jury upon which the judgment is based was amply supported by the testimony.

The judgment of the circuit court is affirmed.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.