Submitted on briefs January 20; affirmed January 27, 1942

# HEUCHERT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(121 P. (2d) 453)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*I. H. Van Winkle,* Attorney General, *C. S. Emmons, Oliver Crowther,* and *C. L. Marsters,* Assistant Attorneys General, for appellant.

*Gunther F. Krause, Victor R. Griggs,* and *George E. Birnie,* all of Portland, for respondent.

KELLY, C. J. In considering both the motion of defendant for an order of abatement and a mandate directing the circuit court to quash and dismiss the original action, and the propriety of permitting the administratrix of the estate of the original plaintiff,

now deceased, to be substituted as plaintiff herein, we are called upon to determine whether the record reflects a chose in action which survives the death of the original plaintiff.

It was argued that, inasmuch as the statute renders such a claim as the one under consideration nonassignable it is not subject to revival upon the death of claimant. There is authority to the effect that when a certain class of claims is decreed by statute to be nonassignable in order to protect the beneficiaries and assure the accomplishment of the purposes of such statute, as to those claims, the test of assignability cannot be invoked in determining whether such claims survive the death of the original claimant. *Employers' Mutual Liability Ins. Co. v. Empire Nat. Bank & Trust Co.*, 192 Minn. 398, 256 N. W. 663, 95 A. L. R. 250; *Monson v. Battelle*, 102 Kan. 208, 210, 170 P. 801, 802.

Moreover, "it is well settled in most jurisdictions that an action is not abated by the death of a party after the cause of action has been merged in a final judgment and while the judgment stands, even though the judgment is based on a cause of action which would not survive the death of a party before judgment. In such case the doctrine of abatement does not apply." 1 C. J. S. Subject: Abatement and Revival, p. 174, § 127, citing among others, the following authorities:

*Sherwin v. Southern Pac. Co.*, 168 Cal. 722, 145 P. 92; *Ahearn v. Goble*, 90 Colo. 173, 7 P. 2d 409; *Russell v. James Butler Grocery Co.*, 268 N. Y. S. 668, 240 App. Div. 31, 267 N. Y. S. 136, 239 App. Div. 169, reversed on other grounds, 265 N. Y. 482, 193 N. E. 281; *Trampusch v. Kastner*, 279 N. Y. S. 665, 244 App. Div. 431; *Roche v. McDonald*, 158 Wash. 446, 291 P. 476; *Carr v. Rischer*, 119 N. Y. 117, 23 N. E. 296; *Blake v. Griswold*, 104 N. Y. 613, 11 N. E. 137; *Hart v. Washburn*,

16 N. Y. S. 923, 62 Hun 543; *Siberell v. St. Louis San Francisco Ry. Co.*, 320 Mo. 916, 9 S. W. 2d 912; *Castelluccio et al. v. Cloverland Dairy Products Co. Inc.*, 165 La. 606, 115 So. 796.

The question here involved has been decided in a number of sister jurisdictions wherein it has been held that recovery may be had by the personal representative upon installments accruing during the life of the original claimant.

Annotations, treating this question and reviewing the authorities thereon, are to be found in 15 A. L. R. 821, 24 A. L. R. 441, 29 A. L. R. 1426, 51 A. L. R. 1446, 87 A. L. R. 864 and 95 A. L. R. 254.

The following cases uphold the rule that as to accrued installments, the claim survives the death of the employee. *Parker v. Industrial Commission*, 87 Utah 468, 50 P. 2d 278; *Smith v. Kaw Boiler Works Co.*, 104 Kan. 591, 180 P. 259; *State ex rel. Munding v. Industrial Com. of Ohio*, 92 Ohio St. 434, 111 N. E. 299 L. R. A. 1016D 944, Ann. Cas. 1917D 1162; *Industrial Com. of Ohio v. Dell*, 104 Ohio St. 389, 135 N. E. 669, 34 A. L. R. 422; *Whitmore v. Industrial Com. of Ohio*, 105 Ohio St. 295, 136 N. E. 910; *State Accident Fund v. Goldsborough, Admr.*, 140 Md. 622, 118 A. 159, 24 A. L. R. 434; *Bry-Block Mercantile Co. v. Carson*, 154 Tenn. 273, 288 S. W. 726; *Roney v. Griffith Piano Co.*, 131 A. 686, 4 N. J. Misc. 31; *Case of Bartoni*, 225 Mass. 349, 114 N. E. 663, L. R. A. 1917E 765; *Rounds v. State Ind. Com.*, 157 Okla. 145, 11 P. 2d 479; *Renfrow v. Caddo Parish Police Jury*, (La App.) 155 So. 291; *Western Indemnity Co. v. State Ind. Com.*, 96 Okla. 100, 219 P. 147, 29 A. L. R. 1419; *Felmet v. Barbre et al.*, 188 Okla. 116, 106 P. 2d 1107; *Houg v. Ford Motor Co.*, 288 Mich. 478, 285 N. W. 27; *Texas*

*Employers' Ins. Ass'n. v. Phillips*, 130 Tex. 182, 107 S. W. 991.

In referring to the case of *Ray v. Industrial Ins. Com.*, 99 Wash. 176, L. R. A. 1918F 561, 168 P. 1121, cited by defendant and to *Zahler v. Department of Labor and Industries*, 125 Wash. 410, 217 P. 55, and *La Chapelle v. Union Pac. Coal Co.*, 29 Wyo. 449, 214 P. 587, the supreme court of Utah, speaking through Mr. Justice Wolfe, say:

"We have been unable to find any cases where it was held that the employer was not liable for the accrued payments except perhaps the two Washington cases above cited and the case of La Chapelle v. Union Pacific Coal Co.," supra. *Parker v. Industrial Commission*, supra.

██ We think that the better reasoning and the weight of authority support the rule as above stated, namely: that unpaid installments accruing before the death of the employee thereafter may be recovered by the employee's personal representative. For that reason we have entered the order of substitution as requested by the administratrix of the estate of the original plaintiff.

---

### On the Merits

On or about October 2, 1939, while in the employ of Iron Fireman Manufacturing Company, in Multnomah county, plaintiff's decedent sustained a personal injury arising out of and in the course of said employment.

Said decedent's version of the accident, as it appears in his complaint, is that—

"While stooping over in a twisted side position and lifting a pan of shafts, plaintiff's foot slipped causing

him to fall upon the floor striking his buttocks with great force and causing the pan of shafts to strike plaintiff's groin and abdomen with great force and causing a severe sprain of the lumbar region of plaintiff's back.''

Said decedent's claim for compensation for the injuries sustained thereby was allowed by the defendant and he was paid compensation for temporary total disability from the date of said accident until the 28th day of November, 1939.

On December 4, 1939, a final order was made and entered by defendant whereby said decedent's claim for temporary total disability was terminated as of said 28th day of November, 1939, without any award of compensation for permanent disability.

The issue joined herein arises from said decedent's claim that subsequent to December 4, 1939, there was an aggravation of said disability resulting from said accidental injury.

It plainly appears that prior to October 2, 1939, plaintiff's decedent was afflicted with cancer of the prostate. He claims that the accident just mentioned aggravated that malady and accelerated its spread to the bony structure of his body.

The defendant denies that claim, and the question here presented is whether there was any substantial testimony to support it. This question was presented to the trial court by a motion for an order of involuntary nonsuit.

Defendant calls attention to the rule that in those cases where merely a question of medical science is involved of such a nature that only medical experts are qualified to express an opinion on it, expert medical testimony is a necessary prerequisite to a recovery.

Dr. Alan Welch Smith testified in behalf of plaintiff's decedent. A hypothetical question was propounded to Dr. Smith summarizing the testimony with reference to said decedent's symptoms and his accident; and the doctor was asked to give the relationship, if any, between decedent's accident and his present disability.

To this, Dr. Smith answered thus:

"A. That is a very hard question to answer. There is a possibility that this man may have had some trouble with his prostate gland and when he had this accident it lowered his vitality and lightened it up, as it were, some dormant condition, and which immediately became active; or there may have been some direct injury to his lumbar region and the nerves. They are practically supplied from the lumbar region, lumbar spine, as it were, a plexus of nerves. Just the direct transmission or the direct connection there is one that I don't believe that anybody could absolutely establish, but we can, at least, draw our conclusions on a thing of that kind."

Then Dr. Smith, in answer to the following question, answered as follows:

"Q. What is your opinion, then as to whether the accident is the cause of the present condition?
A. There isn't a living man could answer that positively, but I would say that would be a contributory, probably a contributory cause. Assuming this man has never been well since that accident, and immediately a form of malignancy takes place, whether malignancy was dormant and needed something like this to light it up, or whether the malignancy was the direct cause of it, is purely problematical, and there may be a difference of opinion on that."

This, as we view it, is a statement of Dr. Smith's opinion to the effect that decedent's accident was probably a contributory cause of decedent's subsequent severe illness.

The severity of decedent's illness at the time Dr. Smith testified was such that said decedent was totally disabled and could under no circumstances survive. In fact, as stated, said decedent died on September 19, 1941, and the administratrix of his estate has been substituted as plaintiff herein.

As to Dr. Smith's qualifications, it appears that he is a graduate of the University of Maryland; that he had done postgraduate work at Johns Hopkins University; that while practicing in Portland, he had been affiliated with the hospitals there; that his particular line is industrial surgery or general surgery; that he had been practicing in Portland thirty-seven years, and that for more than twenty years he had been taking care of industrial work in large industrial plants in Portland.

We are fully aware that other medical experts, called by defendant, testified to a contrary opinion.

The great respect we have for the medical profession does not blind us to the fact that this is not the only case wherein doctors have differed.

■ We cannot agree with counsel for defendant that there was no substantial testimony of a medical expert in support of decedent's contention on the issue involved. It is true that such testimony consisted only of an opinion; but in a case of this character a qualified medical expert's opinion upon such an issue is competent and must be considered in dealing with questions presented by a motion for involuntary nonsuit.

Three Pennsylvania cases are cited by defendant to the point that where the medical experts merely express a professional opinion that the accident in suit could have caused, and most probably did cause, the disability in question, such testimony is insufficient to justify a

submission of the case to the jury. *Beck v. Franklin Corporation*, 136 Pa. Super. 204, 7 Atl. 2d 600; *Coder v. Pittsburg Des Moines Steel Co.*, 142 Pa. Super. 407, 16 Atl. 2d 662; *Eloins v. Lytle Coal Co.*, 134 Pa. Super. 264, 3 Atl. 2d 995, 998.

In the case last above cited, it is stated that—

"There was a period of time between May 9, 1921, and April 12, 1926, during which a statement by an expert that in his opinion a given result 'most probably' came from an assigned cause would under the rulings of our Supreme Court, support a finding of causal connection. That ruling was made in Fink v. Sheldon Axle & Spring Co., supra, [270 Pa. 476, 113 A. 666], decided May 9, 1921, but was modified and explained in McCrosson v. Philadelphia Rapid Transit Co., 283 Pa. 492, 129 A. 568, decided May 25, 1925, and definitely changed in Vorbnoff v. Mesta Machine Co., et al, 286 Pa. 199, 206, 133 A. 256, decided April 12, 1926."

In a marginal note appearing in the third edition of Wigmore on Evidence, Professor Wigmore notes the rule announced by the Pennsylvania court in the three cases above cited as applicable to workmen's compensation cases. Other Pennsylvania cases are cited by him wherein the rule is not applied. Vol. 7, Wigmore on Evidence, Third Edition, pp. 121-134.

■ In other actions, the sufficiency of the evidence, or the lack of it, is a question for the triers of fact only. In the case at bar, the triers of fact were the jury. The fact that this case is a workmen's compensation case should not be made ground for treating the sufficiency of such testimony as a question to be determined by the court.

The marginal note in Wigmore on Evidence, above cited, contains a long list of cases wherein testimony

similar to that considered here was held to be admissible. See also L. R. A. 1915A p. 1070-1076. The admissibility of such evidence bespeaks its competency.

In dealing with a case wherein physicians upon the opposite sides differed as to their conclusions, the late Mr. Justice HENRY J. BEAN said:

"It is the theory of the defendant that death was caused by a thrombus which originally formed within the right coronary artery and that this thrombus was caused by arteriosclerosis and was not caused by the accident of October 5. There is testimony on the part of the defendant upon this question by two physicians. While the matter was thoroughly explained, the physicians upon the opposite sides differed as to their conclusions. This left the question for the determination of the jury and as there was substantial and competent evidence supporting the verdict of the jury it cannot be disturbed.

"The testimony indicated that there was a causal connection between the accident and the death. Whether directly causing it, lighting up, aggravating, or accelerating a diseased condition, the resultant disability or death is chargeable to the accident: Robertson v. State Ind. Acc. Comm., 114 Or. 394 (235 P. 684); Baker v. State Ind. Acc. Comm., 128 Or. 369 (274 P. 905); Elford v. State Ind. Acc. Comm., 141 Or. 284 (17 P. (2d) 568).

\*　　　\*　　　\*　　　\*　　　\*

"Where two conclusions may legitimately be drawn from the facts in evidence, one favorable to the plaintiff and the other favorable to the defendant, a question is presented which calls for the determination of the jury: Galvin v. Brown & McCabe, 53 Or. 598 (101 P. 671); Devroe v. Portland Ry. L. & P. Co., 64 Or. 547 (131 P. 304); Hicks v. Peninsula Lbr. Co., 109 Or. 305 (220 P. 113); Elford v. State Ind. Acc. Comm., supra." *Armstrong v. State Industrial Accident Commission*, 146 Or. 569, 31 P. (2d) 186.

In the case at bar, no error was committed in submitting it to the jury.

■ The overwhelming weight of authority is to the effect that, in case of the employee's death from a cause dissociated from the injury sustained in the accident upon which such employee's claim is based, his personal representative may recover only the installments accruing while the employee was living. Many of the authorities, which are cited herein in support of the order of substitution, announce this principle. No good purpose would be served by further citation thereof.

The judgment of the circuit court is affirmed as effective in the substituted plaintiff's favor to the extent only of the installments accruing under the award while the original plaintiff, Joseph Heuchert, was alive.