■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY S., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County, imposed October 10, 1979, upon his adjudication as a youthful offender, the sentence being a one-year term of imprisonment. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to probation for a period of five years and case remitted to the Supreme Court, Suffolk County, for the imposition of conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Gulotta, J. P., Cohalan, Margett and Martuscello, JJ., concur.

## (April 9, 1980)

■ In the Matter of ELM REALTY, INC., et al., Appellants, v OFFICE OF RENT CONTROL, Respondent.—On the court's own motion, its decision and order, both dated May 8, 1978, are hereby amended to provide that the same shall be entered *nunc pro tunc* in this court as of April 24, 1978—the date of the submission of the appeal to this court, the petitioner, Peter D. Visco, having died on April 28, 1978 (see *Kaye v Associated Metals & Mins. Corp.*, 18 AD2d 1014; *Russell v Butler Grocery Co.*, 240 App Div 31). Hopkins, J. P., Cohalan, Margett and O'Connor, JJ., concur.

## (April 14, 1980)

■ HOWARD BARSCHI, Appellant, v ESTHER EUBEN, as Executrix of HENRY EUBEN, Deceased, Respondent.—In an action for an accounting, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated September 5, 1978, which, *inter alia*, denied plaintiff's motion to set aside the court's decision after trial as being against the weight of the evidence, and (2) a judgment of the same court, dated September 7, 1978, which dismissed the complaint for failure to establish the existence of a partnership, relegated plaintiff to a plenary action at law regarding any possible claims for sums due, and dismissed defendant's counterclaims. Appeal from order dated September 5, 1978 dismissed *(Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Defendant is awarded one bill of costs. In our opinion the decision of the trial court dismissing the complaint for failure to establish the existence of a partnership is supported by the record. The inference of the existence of a partnership, which arises from a sharing of the profits of a business, was overcome by ample evidence indicating that plaintiff received his share of the profits in return for services rendered as an employee of the companies (see Partnership Law, § 11, subd 4, par [b]). Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.