SHAHOOD, J.
This is an appeal from a final judgment in favor of appellees in a medical malpractice action brought by appellants. Appellant raises five issues on appeal, none of which requires reversal. We affirm the final judgment, but write to address the issue of whether appellant’s cause of action abated upon the death of one of the original parties, Bella Kaufman.
In this case, following a lengthy trial, the jury rendered its verdict in favor of appellees on June 19, 1998, and was discharged. On the same day, the jury’s verdict was received and recorded by the clerk of the court. The court also received a proposed final judgment for entry on the same day, but did not formally enter the final judgment until June 26, 1998. In the meantime, Bella Kaufman died on June 22, 1998; appellant’s counsel filed a suggestion of death and motion to abate which was denied by the court.
We, thus, address the issue of whether a personal injury action should be abated if the plaintiff dies after the rendition of a verdict, but before the entry of a final judgment.
*311 Section 768.20, Florida Statutes (1997), expressly provides that “[w]hen a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.” See also Martin v. United Sec. Servs., Inc., 314 So.2d 765, 767 (Fla.l975)(noting that the legislature intended the Wrongful Death Act to eliminate the claim for pain and suffering of the decedent from the time of injury to the time of death, and substitute instead a claim for the pain and suffering of the survivors); accord First Healthcare Corp. v. Hamilton, 740 So.2d 1189 (Fla. 4th DCA 1999).
While our research has uncovered no Florida case directly on point, the dicta in the case of Variety Children’s Hospital, Inc. v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980) is instructive. In Variety Children’s Hospital, the final judgment was. entered on December 18, 1978; the plaintiff died on January 4, 1979; and the estate was substituted on January 17, 1979. Id. at 335. The issue in that case was whether section 768.20, Florida Statutes, applies to abate the action “when the injured person dies after a final judgment has been entered in his favor, but before the termination of proceedings for review of that judgment.” Id. The district court held that the action did not abate, and quoted the following from 1 Am.Jur.2d Abatement, Survival, and Revival, § 60 (1962):
It is well settled in most jurisdictions that an action is not abated by the death of a party after the cause has been merged in a final judgment and while the judgment stands, and this is the rule even though the judgment is based on a cause of action that would not have survived had the party died before judgment.
A final judgment is the end of litigation. That which up to the moment of the entry of judgment for the relief sought was a matter in controversy becomes an absolute debt of one party to the other. The cause of action ceases to exist, being merged in the judgment; and consequently, so long as the judgment remains in force, the rule on survival has no further application. This is true though the proceedings are stayed by appeal and supersedeas.
In its analysis, the court in Variety Children’s Hospital also noted the following:
With specific relation to the facts before us, the rule that death does not effect an extinguishment of a judgment applies when the party dies while an appeal is pending, Brundrett v. Hargrove, 204 Ark. 258, 161 S.W.2d 762 (1942); Heuchert v. State Industrial Accident Commission, 168 Or. 74, 121 P.2d 453 (1942); while post-trial motions remain undisposed of, Gambell v. Irvine, 102 S.W.2d 784 (Mo.1937); Sherwin v. Southern Pacific Company, 168 Cal. 722, 145 P. 92 (1914); 1 C.J.S. Abatement and Revival s 126 (1936); and even during the period between the return of a verdict and the entry of a judgment. Garrett v. Byerly, 155 Wash. 351, 284 P. 343 (1930); see Becker v. King, 307 So.2d 855, 858 (Fla. 4th DCA 1975). Indeed it would be a strange rule under which a defendant could succeed in relieving itself of a judgment simply by pursuing meritless, even frivolous, attempts to reverse it. See McNitt v. Osborne, 371 So.2d 696, 697 n. 1 (Fla. 3d DCA 1979).
Id., (emphasis added).
Becker, 307 So.2d 855, was a dissolution case in which the former husband died after the court orally pronounced judgment, but before the final judgment was reduced to writing. This court held:
Once a court of record has jurisdiction of the cause and the parties and all the evidence has been presented, the cause is then ripe for judgment and the court is not thereafter deprived, by the death of a party, of its inherent power to render a decision or judgment and may do so in the interest of justice by a judg *312 ment nunc pro tunc as of the time of submission.
Becker, 307 So.2d at 858 (footnotes omitted).
Ten years after the Variety Children’s Hospital case, the Eleventh Circuit considered Florida’s Wrongful Death Statute in the context of a medical malpractice case in which the injured child died after the parties had reached a settlement, but before the court had approved same. See Reed ex rel. Reed v. United States, 891 F.2d 878 (11th Cir.1990). Over objections by the United States, the district court approved the settlement after the death of the child, and ordered the parties to abide by its terms. Id. at 880. On appeal, the Eleventh Circuit approved that ruling reasoning as follows:
A settlement is as conclusive of the rights between the parties as a judgment. See Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir.1967); Crisp County v. S.J. Groves & Sons Co., 73 F.2d 327, 329 (5th Cir.1934); Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971); Wallace v. Townsell, 471 So.2d 662, 664 (Fla.Dist.Ct.App.1985)(“The parties to a civil action have the right to settle the controversy between them by agreement at any time and an agreement settling all issues in the case is binding not only upon the parties but also upon the court.”). Because the action had been settled, no personal injury action existed at the time of Benjamin’s death that could have abated. The court’s jurisdiction to enforce the settlement thus was unaffected by Benjamin’s death.
Id. at 880-81. The court continued,
Even if the Florida doctrine of abatement did apply, we would conclude that there was no abatement in this case. While no Florida court yet has been confronted with this precise issue, we are persuaded by the case of Variety Children’s Hospital Inc. v. Perkins, 382 So.2d 331 (Fla.Dist.Ct.App.1980), that a Florida Court would find no abatement under the circumstances of this case. [A recitation of the facts in Variety follows.] In declining to adopt defendant’s strict interpretation of an action “pending” at the time of the plaintiffs death, the [Variety ] court stated the following:
With specific relation to the facts before us, the rule that death does not effect an extinguishment of a judgment applies when the party dies while an appeal is pending, while post-trial motions remain undisposed of, and even during the period between the return of a verdict and the entry of a judgment.
Id. at 881 (quoting Variety Children’s Hosp., 382 So.2d at 336 (citations omitted)).
Applying the above dictum, the court in Reed concluded that the period of time between the settlement agreement and the court’s approval of same was analogous to the period between the return of the verdict and the entry of judgment. Id. at 881-82. In both cases, according to the Eleventh Circuit, the settlement agreement and the rendition of the verdict “had conclusively resolved the dispute;” thus, all that remained was the court’s “blessing.” Id. Under such circumstances, the court held, “[w]e thus are convinced that a Florida court would conclude that the appellees’ cause of action did not abate because the action already had been settled when Benjamin died.” Id.
As in Variety and Reed, the dispute in this case had been conclusively decided in favor of appellee by the rendition of the verdict prior to Bella Kaufman’s death. We, accordingly, affirm the trial court’s denial of appellant’s motion to abate and subsequent entry of final judgment.
AFFIRMED.
POLEN and GLICKSTEIN, HUGH S., Senior Judge, concur.